UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

FLATBUSH BEST DELI, INC.,

**COMPLAINT**

            Plaintiff,

Case # C0145430

      -against-

CV 12- 3035

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
ADMINISTRATIVE REVIEW DIVISION,

COGAN, J.

           Defendants.

----------------------------------------x

Plaintiff, FLATBUSH BEST DELI, INC., by its attorney, EDWRAD M.
KRATT, P.C., complaining of the UNITED STATES, UNITED STATES
DEPARTMENT OF AGRICULTURE, ADMINISTRATIVE REVIEW DIVISION, on
information and belief, alleges as follows:

**INTRODUCTION**

1. This action is brought pursuant to 7 U.S.C. Section 2023 to
seek *de novo* review of an administrative determination by
defendants to disqualify plaintiff from participation in the
Supplemental Nutrition Assistance Program (SNAP) for a period of
six months.

## JURISDICTION AND VENUE

2. Jurisdiction is specifically conferred on this Court by 28 U.S.C. Section 1331, this being an action arising under the Constitution and laws of the United States. This court also has jurisdiction of this action pursuant to 7 U.S.C. Section 2023 and 5 U.S.C. Section 703.

3. Venue is proper in this Court because the acts complained of by the defendants occurred in Brooklyn, New York, which is in the Eastern District of New York, and which is also the location where the plaintiff is engaged in business.

## PARTIES

4. During all times relevant and material to this complaint, plaintiff was, and still is, a retail grocery store, operating under the name of FLATBUSH BEST DELI, INC., and engaged in business at 1218 Flatbush Avenue, Brooklyn, New York 12226, within the jurisdiction of this Court.

5. During all times relevant and material to this complaint, defendant, UNITED STATE DEPARTMENT OF AGRICULTURE, was, and still is, a Department of the UNITED STATES OF AMERICA.

6. The ADMINISTRATIVE REVIEW DIVISION is sued in this action as it bears the ultimate responsibility for the decisions of the agency.

7. The UNITED STATES is a defendant pursuant to the provisions of the Food Stamp Act, specifically, 7 U.S.C. Section 2023(a)(13).

### FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

8. All conditions precedent for the filing of this action have been complied with: plaintiff has exhausted its administrative remedies and will be disqualified from participating in the SNAP program by June 23, 2012, unless this action is filed.

9. It has been less that thirty (30) days since the plaintiff's final appeal, dated May 22, 2012 and received by counsel on May 23, 2012, was denied by the defendants. (A copy of the Final Agency Decision is annexed as **Exhibit 'A'**)

### FACTS COMMON TO ALL CAUSES OF ACTION

10. By the letter of Gilda Torres, Officer-In-Charge of the New York Field Office of the U.S. Department of Agriculture, dated October 25, 2011, plaintiff was charged with a violation of the SNAP program regulations, in that it allegedly made ineligible sales on three occasions. (A copy of said letter, and attached charges, is annexed an Exhibit 'B' to the plaintiff's December 20, 2011 application for review of this decision, **Exhibit 'B' of this Complaint.**)

11. A disqualification period of six months was imposed as a sanction therefore.

12. By letter of Mukhtar Saleh, the owner of Flatbush Best Deli, Inc., dated November 14, 2011, (Exhibit 'D' of application for review), a response to and an innocent explanation of those charges were interposed.

13. In response thereto, via letter of December 15, 2011 from Ms. Gilda Torres (Exhibit 'C' of review application), a determination that the proffered violations had occurred was made and the imposition of a six month disqualification, rather than a civil penalty, was effected.

14. Thereafter, a timely application for a review of that determination was made by plaintiff's counsel, via letter brief of December 20, 2011, addressed to the Administrative Review branch of the U.S. Department of Agriculture. (A copy of that application brief, together with submitted Exhibits, is annexed as **Exhibit 'B' herein.)**

## ALLEGED VIOLATIONS

15. In said brief, Counsel addressed the three alleged violations of August 23, 2011, August 31, 2011 and September 22, 2011, indicating that each sale of an ineligible food item involved a small amount of value. (Page 3 of brief, "A. Alleged Violations") The descriptions of the store employees, who allegedly sold ineligible items, did not match the physical characteristics of the store's employees. Moreover, on August 29, 2011, a store

employee actually refused to sell an ineligible item to the
Confidential Informant and Agent, evincing a lack of intent to
violate the regulations on other dates.

16. Moreover, although Mr. Saleh, the owner of the store, had not
been present to supervise his employees on the subject dates, he
had taken great effort and pains to educate his employees on the
SNAP regulations, as evidenced by the refusal of a store employee
to sell ineligible items on August 29, 2011.

17. Counsel contended that the December 15, 2011 determination
had arbitrarily and capriciously failed to consider 1) the nature
and scope of the alleged violations, 2) the lack of any prior
action taken to warn the business of the possibility that
violations were occurring and 3) other evidence of the firm's
lack of intent to violate SNAP regulations.

### HARDSHIP TO HAITIAN COMMUNITY

18. In his Brief, counsel specifically addressed the hardship
that would result to the Haitian Community, should the firm be
disqualified from SNAP participation. (Page 5 of brief, "B.
Hardship to the Haitian Community") It advanced said
circumstances in its application for a civil fine in lieu of
disqualification.

19. As discussed therein, plaintiff's store is unique in the
area, in that it primarily and exclusively serves and caters to
the Haitian community. It employs native Haitian workers and/or

workers who speak French and Creole languages.

20. As part of Counsel's additional submission to the Review Branch, dated January 13, 2012, (annexed as **Exhibit 'C' hereto)** a petition from the patron/clients of the business was submitted, attesting to the unique food and services provided by plaintiff as well as the need therefore in the community.

21. These factors of themselves suffice to satisfy the hardship requirements for the imposition of a civil monetary penalty in lieu of disqualification.

22. Moreover, plaintiff will suffer irreparable damage and untold hardship if this disqualification is upheld, in that thirty-five (35) to forty (40) percent of plaintiff's revenue comes from Food Stamp sales transactions. Plaintiff's main source of business is the sale of food items to low income Haitian clients, who use food stamps for their purchases.

23. If defendants are allowed to proceed with the disqualification, plaintiff might have to close down the store and discontinue its business, as it would be unable to pay its staff, as well as bills and overhead.

24. Further, plaintiff employs six workers (including the owner, Mr. Saleh), who depend entirely upon the revenue from this store for their livelihood. Closing of the store would render them unemployed.

## ARBITRARY AND CAPRICIOUS PENALTY

25. Given plaintiff's heretofore unblemished record in the SNAP program and having received no prior warning of irregularity of its adherence to its regulations, it is contended that the imposition of a six month period of disqualification is both arbitrary and capricious. It should be vacated by this Court and a civil penalty imposed in lieu thereof.

## FIRST CAUSE OF ACTION

26. Plaintiff repeats and alleges paragraphs 1 through 25 as if full stated here.

27. Defendants' decision to disqualify plaintiff from the SNAP program for six months was arbitrary and capricious, and violated defendants' own regulations.

## SECOND CAUSE OF ACTION

28. Plaintiff repeats and re-alleges paragraphs 1 through 27 as if fully stated here.

29. Defendants' decision to find plaintiff to be ineligible for a civil money penalty in lieu of disqualification violated applicable regulations. 7 C.F.R. Section 278.6(j).

**WHEREFORE**, plaintiff requests a judgment and order of this Court:

1. **Ordering defendants to stay execution of defendants' decision to disqualify plaintiff from the SNAP program for six months and enjoining the implementation of the threatened disqualification;**

2. Ordering defendants to immediately reinstate plaintiff in the SNAP program;

3. Ordering defendants to impose a civil penalty in lieu of disqualification if the court deems any such penalty is just and proper;

4. Awarding plaintiff costs of the suit;

5. Granting plaintiff such other and further relief as the Court may deem just and proper.


Dated: New York, N.Y.
       June 18, 2012


                              EDWARD M. KRATT, P.C.
                              By: EDWARD M. KRATT, ESQ.
                                  Attorney for
                              FLATBUSH BEST DELI, INC.
                              350 Broadway, Suite 1202
                              New York, N.Y. 10013
                                  212-941-1277

United States
Department of
Agriculture

Food and
Nutrition
Service



Administrative
Review Branch
Room 434

3101 Park
Center Drive

Alexandria, VA
22302

(703) 305-2817

General:
(703) 305-2464

Fax:
(703) 305-2821

Lorie.Conneen
@fns.usda.gov

May 22, 2012

Edward M. Kratt, Attorney
Law Office of Edward M. Kratt
350 Broadway, Suite 1202
New York, New York 10013

**Re:     Flatbush Best Deli Inc. v. NERO Retailer Compliance Center South**

Dear Mr. Kratt:

Enclosed is the Final Agency Decision of the U.S. Department of Agriculture
(USDA), Food and Nutrition Service in response to your request for administrative
review on December 20, 2011.  Also included therein is a statement regarding your
client's rights to a judicial review.

It is the decision of the USDA that there is sufficient evidence to support a finding
that a six month disqualification from participating as an authorized retailer in the
Supplemental Nutrition Assistance Program was properly imposed against Flatbush
Best Deli Inc. by the Northeast Regional Office's (NERO) Retailer Compliance
Center South.

Sincerely,

LORIE L. CONNEEN
Administrative Review Officer

Enclosure

U.S. Department of Agriculture
Food and Nutrition Service
Administrative Review
Alexandria, VA 22302

Flatbush Best Deli Inc.,              )
                                        )
      Appellant,              )
                                         )
          v.                   )     **Case Number: C0145430**
                                         )
NERO Retailer Compliance Center South,   )
                                         )
      Respondent.            )
_____)

## FINAL AGENCY DECISION

It is the decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS), that there is sufficient evidence to support a finding that a six month disqualification from participating as an authorized retailer in the Supplemental Nutrition Assistance Program was properly imposed against Flatbush Best Deli Inc. (hereinafter "Flatbush Deli") by the Northeast Regional Office's (NERO) Retailer Compliance Center South (hereinafter "Compliance Center").

## ISSUE

The issue accepted for review is whether the Compliance Center took appropriate action, consistent with 7 CFR §278.6(e)(5) in its administration of the Supplemental Nutrition Assistance Program (SNAP) when it imposed a six month period of disqualification against Flatbush Deli on December 15, 2011.

## AUTHORITY

7 U.S.C. 2023 and its implementing regulations at 7 CFR §279.1 provide that "[A] food retailer or wholesale food concern aggrieved by administrative action under §278.1, §278.6 or §278.7 . . . may file a written request for review of the administrative action with FNS.

## STATEMENT OF THE CASE

The Department of Agriculture conducted an investigation of the compliance of Flatbush Deli with SNAP law and regulations during the period August 23, 2011 through September 22, 2011. The investigation reported that personnel at Flatbush Deli accepted SNAP benefits in exchange for ineligible merchandise on three separate occasions. Of

items sold during the violative transactions, not less than 37.5 percent were ineligible and included a variety of items best described in regulatory terms as "common nonfood items." Identification information developed during the investigation indicates that these violative transactions were handled by an unidentified male clerk.

As a result of evidence compiled from this investigation, the Compliance Center informed the Appellant, in a letter dated October 25, 2011, that he was charged with violating the terms and conditions of the SNAP regulations, 7 CFR §278.2(a).

In a subsequent correspondence dated November 14, 2011, the Appellant replied to the charges therein indicating that the SNAP violations were committed by a fill-in store employee who inadvertently allowed ineligible items to be purchased with SNAP benefits without the firm's knowledge or approval.

After giving consideration to the evidence and the Appellant's reply, the Compliance Center informed the Appellant, by letter dated December 15, 2011, that Flatbush Deli was disqualified from participation as a retail store in the SNAP for a period of six months.

In a letter dated December 20, 2011, the Appellant, through counsel, appealed the Compliance Center's assessment and requested an administrative review of this action. The appeal was granted and implementation of the sanction has been held in abeyance pending completion of this review.

## ANALYSIS AND FINDINGS

In administrative proceedings involving disputes of regulatory actions or inactions, USDA assumes the responsibility of establishing a sufficient factual record to prove or disprove the allegations of the appeal. The record is then reviewed in light of the evidentiary standards and analytical frameworks established by various courts of law.

In appeals of adverse actions, an Appellant bears the burden of proving by a preponderance of the evidence, that the administrative actions should be reversed. That means an Appellant has the burden of providing relevant evidence which a reasonable mind, considering the record as a whole, might accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

**I**

The controlling statute in this matter is contained in the Food and Nutrition Act of 2008, as amended, 7 U.S.C. 2021 and 278 of Title 7 of the Code of Federal Regulations (CFR). Part 278.6 establishes the authority upon which a period of disqualification may be imposed against an authorized retail food store or wholesale food concern in the event that it has failed to comply with the Food and Nutrition Act of 2008, as amended. 7 CFR §278.6(e)(5) applies to the specific period of disqualification under review. There also exist FNS policy memoranda and clarification letters, which further explain the condition necessary in order to disqualify retail food stores.

7 CFR §278.6(e)(5) reads, "Disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management."

## II

On review, the Appellant's contentions in the matter are essentially the following:

- The SNAP violations were committed by a fill-in store employee who inadvertently allowed ineligible items to be purchased with SNAP benefits without the firm's knowledge or approval;
- To prevent future SNAP violations from occurring, the Appellant will institute a new training policy ensuring that only well-trained store employees are allowed to handle SNAP transactions;
- This is the first time that the Appellant has been cited for any SNAP violations;
- The total value of the ineligible items that were purchased with EBT benefits was minor;
- Therefore, the Appellant feels that a six month SNAP disqualification is too harsh a punishment for the infractions that occurred;
- The Appellant is requesting that FNS consider issuing a warning letter or imposing a civil money penalty in lieu of a six month SNAP disqualification;
- There is a large Haitian population in the surrounding area that depends on Flatbush Deli for the specialized linguistic services it provides and the variety of ethnic foods it carries;
- Therefore, a SNAP disqualification would pose a hardship on these SNAP customers; and
- A six month SNAP disqualification will also pose a severe financial hardship for Flatbush Deli.

The preceding may represent only a brief summary of the Appellant's contentions in this matter. Please be assured, however, that in reaching a decision, full attention and consideration has been given to all contentions presented, including any not specifically recapitulated or specifically referenced herein.

In regards to the Appellant's contention that the violative SNAP transactions were committed by a fill-in store employee who inadvertently allowed ineligible items to be purchased with SNAP benefits without the firm's knowledge or approval, such a contention cannot be accepted as a valid basis for dismissing any of the charges, or for mitigating the impact of those charges. As owner of the store, the Appellant is liable for all transactions handled by store personnel. Regardless of whom the ownership of a store may utilize to handle store business, ownership is accountable for the proper handling of SNAP benefit transactions. To allow store ownership to disclaim accountability for the acts of persons whom the ownership chooses to utilize to handle store business would render virtually meaningless the enforcement provisions of the Food and Nutrition Act and the enforcement efforts of the USDA.

3

Moreover, a six month disqualification is the appropriate sanction for violations which result from employees not being fully aware of the SNAP rules. As 7 CFR §278.6(e)(5) of the SNAP regulations states, "Disqualify the firm for 6 months if ... the evidence shows that personnel of the firm have committed violations ... due to carelessness or poor supervision by the firm's ownership or management."

The Appellant contends that in order to prevent future SNAP violations from occurring, he will institute a new training policy ensuring that only well-trained store employees are allowed to handle SNAP transactions. It is important to clarify for the record that the purpose of this review is to either validate or to invalidate the earlier decision of the Compliance Center. This review is limited to what circumstances were at the basis of the Compliance Center action at the time such action was made. It is not the authority of this review to consider what subsequent remedial actions may have been taken so that the store may begin to comply with program requirements. There is no provision in the SNAP regulations or internal agency policy directives for waiver or reduction of an administrative penalty assessment on the basis of after-the-fact corrective action implemented subsequent to investigative findings of program violations. Therefore, the Appellant's contention that he has taken corrective actions, though they would have been valuable towards preventing future program violations, does not provide any valid basis for dismissing the charges or for mitigating the penalty imposed.

In regards to the Appellant's contention that this is the first time that he has been cited for any SNAP violations, a record of participation in the SNAP with no previously documented instance of violations does not constitute valid grounds for dismissal of the current charges of violations or for mitigating the impact of those charges.

The Appellant contends that the total value of the ineligible items that were purchased with EBT benefits was minor; therefore, he feels that a six month SNAP disqualification is too harsh a punishment for the infractions that occurred. However, neither the Food and Nutrition Act of 2008, as amended, nor the regulations issued pursuant thereto cite any minimum dollar amount of SNAP benefits for transactions involving the sale of ineligible items to be defined as violative. No mention of minimum cost or types of ineligibles is cited in Section 278.6(e)(5) of the SNAP regulations, which states that FNS shall disqualify a store for six months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as the sale of common nonfood items in exchange for SNAP benefits due to carelessness or poor supervision by the firm's ownership or management.

The Appellant is requesting that FNS consider issuing a warning letter or imposing a civil money penalty in lieu of a six month SNAP disqualification. Regarding the issuance of a warning letter, 7 CFR §278.6(e)(5) of the SNAP regulations is specific in that FNS shall "Disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management". As such, the Compliance Center's decision to

impose a six month SNAP disqualification for Flatbush Deli is appropriate for the SNAP violations that occurred during the investigation period.

Regarding the imposition of a civil money penalty, consideration was given to whether it might be appropriate to impose a civil money penalty in this case in lieu of a period of disqualification. Such a finding is appropriate only if a store sells a substantial variety of staple food items and its disqualification would create a hardship to nutrition assistance program households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices. In this regard, it is recognized that some degree of inconvenience to SNAP beneficiaries is inherent in the disqualification from the SNAP of any participating food store as the normal shopping pattern of such beneficiaries may be temporarily altered during the period of disqualification.

In this case, however, the Compliance Center has rendered a finding pursuant to 7 CFR §278.6.(f) that it would not be appropriate to impose a civil money penalty in lieu of a period of disqualification because of its determination that Flatbush Deli is not the only authorized retail food store in the area "selling as large a variety of staple food items at comparable prices." As the disqualification of the subject store would not create a hardship to customers, as differentiated from potential inconvenience, the finding that a civil money penalty in lieu of disqualification is not appropriate in this case is sustained.

The Appellant contends that there is a large Haitian population in the surrounding area that depends on Flatbush Deli for the specialized linguistic services it provides and the variety of ethnic foods it carries. Therefore, a SNAP disqualification would pose a hardship on these SNAP customers that utilize Flatbush Deli for their staple food needs. The Appellant did not provide sufficient documentation or evidence to validate that Flatbush Deli offers a substantial amount and variety of ethnic foods that are not offered at area retail grocery stores. The Appellant did not provide any vendor invoices or photographs of staple food stock carried by Flatbush Deli to validate this claim. The only documentation provided by the Appellant was a petition (signed by some of Flatbush Deli's customers) stating that Flatbush Deli offers specialized services needed by these customers and that no other deli provides their native foods. However, the petition did not provide any information in which to validate that the customers who signed the petition were indeed SNAP participants. In addition, photographs taken by an FNS Contractor of Flatbush Deli and its staple food stock do not indicate that the subject store carries any specialized/ethnic foods that are not carried at other area authorized SNAP stores. This contention by itself, without sufficient supporting evidence/documentation, does not validate that a six month disqualification from the SNAP would pose a hardship for a substantial number of area SNAP customers. In addition, per the USDA SNAP Retailer Locator and other similar programs, there are 50 authorized retail stores located within .40 miles of Flatbush Deli (to include a super store located 0.1 mile away) that can be safely reached by SNAP customers. These competitors sell a comparable, or better, number and variety of staple food items at comparable, or better, prices and are located within a distance considered adequate by FNS for purposes of assessing for eligibility of a civil money penalty in lieu of disqualification. Therefore, the earlier determination that the disqualification of Flatbush Deli would not create a hardship to customers, as

5

differentiated from potential inconvenience, is sustained, and a civil money penalty in lieu of disqualification is not appropriate in this case.

The Appellant contends that a six month SNAP disqualification will pose a severe financial hardship for Flatbush Deli. It is recognized that some degree of economic hardship is a likely consequence whenever a store is temporarily disqualified from participation in the SNAP. However, it can only be pointed out that there is no provision in the SNAP regulations or internal agency policy directives for waiver or reduction of an administrative penalty assessment on the basis of possible economic hardship to the firm resulting from imposition of such penalty. Moreover, giving special consideration to economic hardship to the firm would forsake the interests of the program and fairness and equity, not only to competing stores and other participating retailers who are complying fully with program regulations, but also to those retailers who have been disqualified from the program in the past for similar violations.

Based on a review of the evidence in this case, it appears that the program violations at issue did, in fact, occur as charged. As noted previously, the charges of violations are based on the findings of a formal USDA investigation. All transactions cited in the letter of charges were conducted by a USDA investigator and all are thoroughly documented. A review of this documentation has yielded no indication of error or discrepancy in any of the reported findings. Rather, the investigative record is specific and accurate with regard to the dates of the violations, the specific ineligible merchandise sold in exchange for SNAP benefits, and in all other critically pertinent detail.

## CONCLUSION

Based on the discussion above, the decision to impose a disqualification against Flatbush Best Deli Inc. for a period of six months is sustained.

In accordance with the Food and Nutrition Act of 2008 and the regulations thereunder, this period of disqualification shall become effective thirty (30) days after receipt of this letter. A new application for participation may be submitted by the firm ten (10) days prior to the expiration of this six month period. In accordance with 7 CFR §278.1(b)(4), at the time of any such new application for program participation, the firm would be advised by the office receiving such an application of the necessity, as a store previously sanctioned for program violations, also to post a collateral bond or irrevocable letter of credit as a condition for again being authorized to participate in the program.

## RIGHTS AND REMEDIES

Your attention is called to Section 14 of the Food and Nutrition Act (7 U.S.C. 2023) and to Section 279.7 of the Regulations (7 CFR §279.7) with respect to your right to a judicial review of this determination. Please note that if a judicial review is desired, the Complaint, naming the United States as the defendant, must be filed in the U.S. District Court for the district in which you reside or are engaged in business, or in any court of

6

record of the State having competent jurisdiction.  If any Complaint is filed, it must be filed within thirty (30) days of receipt of this Decision.

Under the Freedom of Information Act (FOIA), it may be necessary to release this document and related correspondence and records upon request.  If we receive such a request, we will seek to protect, to the extent provided by law, personal information that if released, could constitute an unwarranted invasion of privacy.

_____          May 22, 2012
LORIE L. CONNEEN                                         DATE
ADMINISTRATIVE REVIEW OFFICER

# EDWARD M. KRATT

Attorney At Law

350 Broadway, Suite 1202
New York, NY 10013

Tel: (212) 941-1277
Fax: (212) 274-1189

E-mail: edkratt@aol.com

Via Federal Express

December 20, 2011

Chief
Administrative Review Branch
USDA, FNS
3101 Park Center Drive
Room 438
Alexandria, Virginia 22302

Re: Mukhtar Saleh and Flatbush Best Deli, Inc.

Dear Sir or Madam:

    I am the attorney for Mukhtar Saleh and Flatbush Best Deli,

Inc. in connection with the within timely request for your

review of the determination, dated December 15, 2011, by Ms.

Gilda Torres of the USDA New York Field office, which

disqualified said business from participation in the

Supplemental Nutrition Assistance Program (SNAP) program for a

period of six months.

    I respectfully request that, given this timely application,

my clients be permitted to continue his participation in the

SNAP program pending your review and decision herein.

    I have enclosed the December 19, 2011 letter of

1

Authorization from my clients permitting me to present this application on their behalf. (Exhibit A)

## PROCEDURAL HISTORY

Enclosed herewith is the following: 1) the letter of October 25, 2011 from the USDA to my clients, specifying and including the charges involved (Exhibit B); 2) the determination letter of December 15, 2011 (Exhibit C); 3) and my clients' *pro se* letter of November 14, 2011, responding to the charges. (Exhibit D)

The December 15, 2011 determination found, *inter alia.*, that Flatbush Best Deli, Inc. committed the proffered violations, consisting of the sale of ineligible non-food items on three separate occasions. These violations, according to that determination, justified the disqualification of Mr. Saleh's business from participation in the SNAP program for a sixth month period.

It also determined that a hardship civil money penalty (CMP) was not warranted "...because there are other authorized retail stores in the area selling as large a variety of staple foods at comparable prices." (paragraph 2. of December 15, 2011

2

determination)

It is strongly contended that, under all the circumstances herein, such a penalty is extreme and unwarranted and would cause excessive hardship to the Haitian community that the business serves.

## ARGUMENT

### A. ALLEGED VIOLATIONS

It is clear that each of the three alleged violations, which occurred on 8/23/2011, 8/31/2011 and 9/22/2011 (Exhibits A, C and D of October 25, 2011 letter), involved the sale of ineligible items, involving a small amount of value.

Moreover, these alleged sales were made by an alleged employee, described as 50-55 years of age, 6'1"-6'4", and weighing 170-180 pounds.

As Mr. Saleh's letter of November 14, 2011 indicates, he does not employ a person of that description.

While not in a position to affirmatively prove that these incidents did not occur, and accepting the allegations as fact, it is certainly plausible that a "fill-in" worker, unbeknownst to Mr. Saleh, sold these ineligible items, due to his ignorance

3

of SNAP regulations.

Most significantly, during the USDA investigation of the store on August 29, 2011, an employee, described as a male, 45-50 years of age, 4'2"-4'9", 140-150 pounds, **actually refused to sell ineligible items to the Confidential Informant and Agent.**

Mr. Saleh did not personally work in his store during that period or personally supervise his clerks on those dates. However, he had, in the past, undertaken great efforts and took great pains to learn the Food Stamp regulations and educate his employees regarding same. This was evidenced by his employee's refusal to sell ineligible items on August 29, 2011.

He, himself, committed no violations; nor did he have any knowledge that any violations were occurring in his store.

These limited violations were not indicative of the normal operation of the store, but were aberrational in nature. These transactions involved an unknown individual, whose misapplication of SNAP regulations, not wrongful intent, led to the sale of ineligible items.

It is respectfully contended that the determination of December 15, 2011 did not fairly, completely or accurately consider: 1) the nature and scope of the violations committed by personnel of the firm; (2) the lack of any prior action taken by FNS to warn the firm about the possibility that violations were

4

occurring; and (3) other evidence that showed the firm's <u>lack of intent</u> to violate the regulations of the Food Stamp Program. Section 278.6(b)(2)(d) of the Regulations.

## B. HARDSHIP TO THE HAITIAN COMMUNITY

Mukhtar Saleh, the President of Flatbush Best Deli, Inc., has served the minority **Haitian** community in Brooklyn, for many years. His small minority-owned business has been a valuable participant in the SNAP program, without incident, for many years.

Given that Flatbush Best Deli, Inc., is a firm that is currently "...selling a substantial variety of staple food items, and the firm's disqualification would cause hardship to food stamp households because there is no other authorized retail food store in the area selling as large a variety of items at comparable prices" (Section 278.6(f)(1) of the Regulations), a modest civil money penalty, in lieu of disqualification for six months, is warranted and appropriate herein, under all of the circumstances.

5

Specifically, Mr. Saleh's business is particularly and **almost exclusively** devoted to serving the **Haitian community. Mr. Saleh's wife, Ms. Gawhara Saleh, of Moroccan descent, works with Mr. Saleh in the store. She speaks fluent French and Creole. Speaking these languages is essential in communicating with the clients from the Haitian community. Mr. Saleh also employs native Haitian employees, including Patrick Perry, a full-time valuable employee, who assist and facilitate the community in the purchase of indigenous foods and their maintenance of an ethnic-based diet.**

**Mr. Saleh has greatly assisted recent Haitian refugees, who have relocated following the devastating recent earthquake in Haiti, through his provision thereto of free and low cost food items. He has been a generous contributor to this needy community.**

**His large and broad variety of staple food items are particular to the native Haitian diet and food culture.**

**Further, contrary to the December 15, 2011 Determination, there are no "other authorized stores in the area selling as large a variety of staple foods at comparable prices."** (See, basis of denying CMP in paragraph 2. of December 15, 2011 Determination letter)

Needless to say, a six month disqualification of Flatbush

6

Best Deli, Inc. from the SNAP program would, in effect, result in a closure of Mr. Saleh's business and pose an additional undue hardship for his retail **Haitian** clients, who depend exclusively upon his specialized linguistic services and particularized variety of food items.

We respectfully request that you and your Administrative Review Staff carefully review this submission and the determination of December 15, 2011, including the bases therefore.

I believe that, upon doing so, you will conclude that the appropriate penalty, if any, for my client's transgressions is a modest civil money penalty (CMP) in lieu of disqualification from the SNAP Program.

Such a conclusion would not run afoul of USDA precedent, where CMP was imposed, in lieu of disqualification, based upon a need for linguistic and product services to ethnic communities.

In Peter Ramsey and 88 Oriental Foods v. USA and USDA, Civ. 10-975, the United States District Court referenced the decision of the USDA to impose a civil monetary penalty in lieu of disqualification where the store proprietor's "...wife's ability to speak fluent Thai and cater to the Thai-speaking Burmese refugees was needed in the area." (page 2. of the

7

decision, annexed as Exhibit E hereto)

## C. CONCLUSION

In light of all of the above factors, I urge this Administrative Review Staff to reverse the prior determination of the USDA New York Field office. I urge the Review Staff to issue a warning letter, or, in the alternative to impose a civil monetary penalty, in lieu of disqualification.

Please notify me if any additional information is required for your review of this matter.

Thank you for your consideration in this matter.

Sincerely,

Edward M. Kratt
Attorney for Mukhtar Saleh
and Flatbush Best Deli, Inc.

encl.

cc:  New York Field Office
     Attn: Ms. Gilda Torres

     Mr. Mukhtar Saleh

8

December 19, 2011

Chief, Administrative Review Branch
USDA, FNS
3101 Park Center Drive, Room 438
Alexandria, Virginia 22302

Re: Mukhtar Saleh, Flatbush Best Deli, Inc.

Dear Sir or Madam:

I am the owner and principal of Flatbush Best Deli, Inc. I
hereby authorize my attorney, Edward M. Kratt, Esq., whose
offices are located at 350 Broadway, Suite 1202, New York, N.Y.
10013 to submit a request to your office, on my behalf, for a
review of the disqualification of my firm from the SNAP program.
I have enclosed a copy of your letter of December 15, 2011,
indicating your determination.

Please permit Mr. Kratt to submit any and all documents and
arguments on my behalf.

Thank you for your consideration in this matter.

Sincerely,

Mukhtar Saleh
Owner, Flatbush Best Deli, Inc.

Sworn to before me this
19th day of December, 2012

NOTARY PUBLIC

ERIC SCHLOSSER
NOTARY PUBLIC, State of New York
No. 31-4973..9
Qualified in New York County
Commission Expires Sept.4
10/23/2014



EXHIBIT A



October 25, 2011

**United States
Department of
Agriculture**

Food and Nutrition
Service

New York Field
Office

201 Varick St,
Rm 609
New York, NY
10014-7066

Fax:
212-620-6948

Mukhtar Saleh
Flatbush Best Deli Inc
1218 Flatbush Ave
Brooklyn, NY 11226

United States Department of Agriculture investigators have investigated your firm. A copy of the report is enclosed. The name(s) of the person(s) who conducted the investigation have been removed. This report contains evidence that violations of the Supplemental Nutrition Assistance Program (SNAP) regulations have occurred in your firm.

Your firm is charged with accepting SNAP benefits in exchange for merchandise, which, in addition to eligible foods, included common non-food items. The misuse of SNAP benefits noted in Exhibit(s) A,C,D violates Section 278.2(a) of the SNAP regulations (enclosed).

Further, the violations in Exhibits A,C,D warrant a disqualification period of 6 months (Section 278.6(e)(5)). Under certain conditions, FNS may impose a civil money penalty (CMP) in lieu of a disqualification (Section 278.6(f)(1)).

If you are an authorized vendor under the Special Supplemental Nutrition Program for Women, Infants, and Children (WIC), you may be disqualified from the WIC Program as a result of your disqualification from SNAP. In accordance with current law governing both the SNAP and the WIC Program, such a WIC Program disqualification is not subject to administrative or judicial review under the WIC Program. A CMP from the Supplemental Nutrition Assistance Program may also result in a WIC Program disqualification, but such a disqualification would be subject to administrative and/or judicial review.

In the event that you sell or transfer ownership of your store subsequent to your disqualification, you will be subject to and liable for a CMP as provided by SNAP regulations Sections 278.6(f)(2),(3) and (4). The amount of this sale or transfer CMP will be calculated based on SNAP regulations 278.6(g).

SNAP regulations Section 278.6(b) explain your right to reply to the charges, and Sections 278.6(c) through (m) describe the procedures we will follow in making a decision in this case. If you wish to present any information, explanation, or evidence you have regarding these charges, you must reply within 10 days of the date you receive this letter. You may respond either orally or in writing. To respond orally, please contact 212-620-7360 to schedule an appointment. You may have legal

AN EQUAL OPPORTUNITY EMPLOYER

EXHIBIT B

counsel present at this meeting. If you schedule but fail to keep the appointment, we will consider that action as a non-response to this letter.

We will fully consider your reply and any documentation you provide before we make a final decision in this matter. However, if we do not hear from you within 10 days of receipt of this letter, we will make a decision based on the information available to us, and advise you of that decision in writing.

Sincerely,

GILDA TORRES
Officer-In-Charge
New York, NY Field Office

Enclosure

| US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE | EXHIBIT | A |
|---|---|---|
| **TRANSACTION REPORT** | PAGE | 1 |

| A. CASE IDENTIFICATION DATA | 3. STORE NAME AND ADDRESS | | |
|---|---|---|---|
| 1. RETAILER INVESTIGATIONS BRANCH CASE IDENTIFICATION NUMBER **TR31100** | Flatbush Best Deli Inc 1218 Flatbush Ave | | |
| 2. DATE          8/23/2011 | Brooklyn | NY | 11226 |

**B. SUMMARY OF TRANSACTION**

1.  The following is a description of an EBT transaction conducted by a confidential informant (CI) under the supervision of the reporting FNS RIB Investigator. All data is taken from a signed statement of the CI which is on file in the Retailer Investigations Branch Area Office.

2.  On the above date, the CI accompanied me to the vicinity of the subject store. The CI turned over to me all EBT cards and cash that was in his/her possession. I furnished the CI with EBT card(s) having a total value of   $100.62 , as specified in Section E below. After the transaction, the CI delivered to me the items purchased as described in Section C below and also the EBT card(s), and any cash as specified in Section E below.

3.  On the above date, at about (time)   *Redacted , CI entered subject store. CI selected the items specified in Section C below. This store has   1   primary grocery check-out registers,   1   (was/were) in operation at the time of purchase. At the check-out there ( was/were)   3   person(s) in line ahead of CI and   4   person(s) in line behind CI. The clerk sold to CI the items listed in Section C  2 and 3, below at a total cost of   $17.50  . CI gave the clerk the EBT card and Supplemental Nutrition Assistance Program (SNAP) benefits were deducted from it by the clerk as described in Section E below. CI departed the store at about   *Redacted .

**OTHER COMMENTS**

INELIGIBLE ITEMS PURCHASED

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).

FORM FNS-413 (PAGE 1 OF 3) - (7-98) PREVIOUS EDTIONS OBSOLETE.

| C. SUMMARY OF PURCHASE | | CASE NUMBER | EXHIBIT | A |
|---|---|---|---|---|
| 1. PURCHASE PRICE CHARGED BY CLERK | 17.50 | TR31100 | PAGE | 2 |

2. INELIGIBLE ITEMS

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|
| 1 - 16 FL OZ BOTTLE OF "DERMASSAGE" DISH SOAP | .99 |
| 1 - 28 FL OZ BOTTLE OF "KING PINE" MULTI-PURPOSE CLEANER | .99 |
| 1 - 32 FL OZ BOTTLE OF "KRASDALE" AMMONIA | .99 |

3. ELIGIBLE ITEMS

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|
| 1 - BOX OF CEREAL | NPI |
| 1 - PACK OF COOKIES | NPI |
| 1 - BOTTLE OF APPLESAUCE | 2.49 |
| 1 - BOX OF SAZON SEASONING MIX | 1.99 |
| 1 - BAG OF CHIPS | NPI |

4. ITEMS PURCHASED WITH CASH CHANGE

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|
| | |

5. REFUSALS

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|
| | |

*NPI=No Price Indicated or Price Illegible
*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).

**FORM FNS-413 (PAGE 2 OF 3) - (7-98) PREVIOUS EDTIONS OBSOLETE.**

| D. APPEARANCE OF CLERK | | | | | CASE NUMBER | | EXHIBIT | |
|---|---|---|---|---|---|---|---|---|
| 1. SEX | 2. AGE | 3. HEIGHT RANGE | 4.WEIGHT | 5.HAIR COLOR | TR31100 | | A | |
| Male | 50 - 55 | 6'1" - 6'4" | 170 - 180 | Black | Result | P | PAGE | 3 |

| 6. OTHER IDENTIFYING INFORMATION: | 7. IDENTIFIED DURING TRANSACTION AS: (Name) |
|---|---|
| SEEMS MIDDLE EASTERN | NO |
| | (Title, Relationship to owner): |
| | UNKNOWN |
| | 8. MEANS OF IDENTIFICATION: |
| | N/A |

**9. DETAILS OF TRANSACTION AT THE CASH REGISTER**

CI PLACED FOODS AND NON-FOODS ON THE COUNTER AND GAVE CLERK EBT CARD. CLERK TOTALED ALL ITEMS, PROCESSED TRANSACTION, GAVE CI PURCHASE, RECEIPT AND EBT CARD. THE CLERK MADE NO COMMENT ABOUT THE INELIGIBLE ITEMS PURCHASED.

**E. RECORD OF BENEFITS ISSUED AND USED IN THE TRANSACTION**

**1.EBT Benefits Issued, Used and Returned**

| EBT Card Number | A. Issued Value | B. Used Value | C. Returned Value |
|---|---|---|---|
| *Redacted | $100.62 | $17.50 | $83.12 |

EBT Receipt Included?     Yes                    Cash Register Tape Included?  No

**2. ADDITIONAL COMMENTS**

| F. CERTIFICATION | | Trafficking Cash Received: | |
|---|---|---|---|
| This declaration consists of    3    pages. I have signed or initialed each page. The facts stated in this declaration are true to my knowledge. If I am called to testify as a witness in my proceeding, I am competent to testify to the matters stated herein. | | 1. DATE OF REPORT | |
| Further declarant sayeth not. | | 4. INVESTIGATOR'S SIGNATURE | |
| I declare under penalty of perjury the foregoing is true and correct. | | *Redacted | |

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).

**FORM FNS-413 (PAGE 3 OF 3) - (7-98) PREVIOUS EDITION OBSOLETE.**

| US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE | EXHIBIT | B |
|---|---|---|
| **TRANSACTION REPORT** | PAGE | 1 |

| A. CASE IDENTIFICATION DATA | 3. STORE NAME AND ADDRESS | | |
|---|---|---|---|
| 1. RETAILER INVESTIGATIONS BRANCH<br>    CASE IDENTIFICATION NUMBER<br>    **TR31100** | Flatbush Best Deli Inc<br>1218 Flatbush Ave | | |
| 2. DATE        8/29/2011 | Brooklyn | NY | 11226 |

**B.  SUMMARY OF TRANSACTION**

1.  **The following is a description of an EBT transaction conducted by a confidential informant (CI) under the supervision of the reporting FNS RIB Investigator. All data is taken from a signed statement of the CI which is on file in the Retailer Investigations Branch Area Office.**

2.  **On the above date, the CI accompanied me to the vicinity of the subject store. The CI turned over to me all EBT cards and cash that was in his/her possession. I furnished the CI with EBT card(s) having a total value of   $286.23 , as specified in Section E below. After the transaction, the CI delivered to me the items purchased as described in Section C below and also the EBT card(s), and any cash as specified in Section E below.**

3.  **On the above date, at about (time)   *Redacted , CI entered subject store. CI selected the items specified in Section C below. This store has   1   primary grocery check-out registers,   1   (was/were) in operation at the time of purchase. At the check-out there ( was/were)   1   person(s) in line ahead of CI and   3   person(s) in line behind CI. The clerk sold to CI the items listed in Section C 2 and 3, below at a total cost of   $12.46 . CI gave the clerk the EBT card and Supplemental Nutrition Assistance Program (SNAP) benefits were deducted from it by the clerk as described in Section E below. CI departed the store at about   *Redacted .**

**OTHER COMMENTS**

INELIGIBLE ITEMS REFUSED

| C. SUMMARY OF PURCHASE | | CASE NUMBER | EXHIBIT | B |
|---|---|---|---|---|
| 1. PURCHASE PRICE CHARGED BY CLERK | 12.46 | TR31100 | PAGE | 2 |

**2. INELIGIBLE ITEMS**

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|
| | |

**3. ELIGIBLE ITEMS**

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|
| 1 - BOX OF CRACKERS | 3.99 |
| 1 - BAG OF RICE | 2.99 |
| 1 - CAN OF ICE TEA MIX | NPI |
| 1 - CAN OF PEAS | NPI |
| 1 - BAG OF CHIPS | NPI |

**4. ITEMS PURCHASED WITH CASH CHANGE**

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|
| | |

**5. REFUSALS**

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|
| PACK OF NAPKINS | |
| PACK OF DISH SPONGES | |
| BOX OF STEEL WOOL PADS | |

*NPI=No Price Indicated or Price Illegible
*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).

**FORM FNS-413 (PAGE 2 OF 3) - (7-98) PREVIOUS EDTIONS OBSOLETE.**

| D. APPEARANCE OF CLERK | | | | | CASE NUMBER TR31100 | | EXHIBIT B |
|---|---|---|---|---|---|---|---|
| 1. SEX | 2. AGE | 3. HEIGHT RANGE | 4.WEIGHT | 5.HAIR COLOR | | | |
| Male | 45 - 50 | 4'2" - 4'5" | 140 - 150 | Black | Result | N | PAGE 3 |

| 6. OTHER IDENTIFYING INFORMATION: | 7. IDENTIFIED DURING TRANSACTION AS: (Name) |
|---|---|
| SEEMS MIDDLE EASTERN | NO |
| | (Title, Relationship to owner): UNKNOWN |
| | 8. MEANS OF IDENTIFICATION: N/A |

**9. DETAILS OF TRANSACTION AT THE CASH REGISTER**

CI PLACED FOODS AND NON-FOODS ON THE COUNTER AND GAVE CLERK EBT CARD. CLERK SEPARATED THE NON-FOODS AND TOLD CI YOU CANNOT BUY THEM WITH FOOD STAMPS. CI SAID OK. CLERK TOTALED FOOD ITEMS, PROCESSED TRANSACTION, GAVE CI PURCHASE, RECEIPT AND EBT CARD.

**E. RECORD OF BENEFITS ISSUED AND USED IN THE TRANSACTION**

**1.EBT Benefits Issued, Used and Returned**

| EBT Card Number | A. Issued Value | B. Used Value | C. Returned Value |
|---|---|---|---|
| *Redacted | $286.23 | $12.46 | $273.77 |

EBT Receipt Included?  Yes                     Cash Register Tape Included?  No

**2. ADDITIONAL COMMENTS**

| F. CERTIFICATION | Trafficking Cash Received: |
|---|---|
| This declaration consists of  3  pages. I have signed or initialed each page. The facts stated in this declaration are true to my knowledge. If I am called to testify as a witness in my proceeding, I am competent to testify to the matters stated herein.<br><br>Further declarant sayeth not.<br><br>I declare under penalty of perjury the foregoing is true and correct. | 1. DATE OF REPORT<br><br>4. INVESTIGATOR'S SIGNATURE<br><br>*Redacted |

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).

**FORM FNS-413 (PAGE 3 OF 3) - (7-98) PREVIOUS EDITION OBSOLETE.**

| US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE | EXHIBIT | C |
|---|---|---|
| **TRANSACTION REPORT** | PAGE | 1 |

| A. CASE IDENTIFICATION DATA | 3. STORE NAME AND ADDRESS | | |
|---|---|---|---|
| 1. RETAILER INVESTIGATIONS BRANCH | | | |
| *CASE IDENTIFICATION NUMBER* | Flatbush Best Deli Inc | | |
| TR31100 | 1218 Flatbush Ave | | |
| 2. DATE        8/31/2011 | Brooklyn | NY | 11226 |

**B. SUMMARY OF TRANSACTION**

1. The following is a description of an EBT transaction conducted by a confidential informant (CI) under the supervision of the reporting FNS RIB Investigator. All data is taken from a signed statement of the CI which is on file in the Retailer Investigations Branch Area Office.

2. On the above date, the CI accompanied me to the vicinity of the subject store. The CI turned over to me all EBT cards and cash that was in his/her possession. I furnished the CI with EBT card(s) having a total value of   $158.48 , as specified in Section E below. After the transaction, the CI delivered to me the items purchased as described in Section C below and also the EBT card(s), and any cash as specified in Section E below.

3. On the above date, at about (time)   *Redacted , CI entered subject store. CI selected the items specified in Section C below. This store has    1    primary grocery check-out registers,    1    (was/were) in operation at the time of purchase. At the check-out there ( was/were)    1    person(s) in line ahead of CI and    2    person(s) in line behind CI. The clerk sold to CI the items listed in Section C  2 and 3,  below at a total cost of    $12.00  . CI gave the clerk the EBT card and Supplemental Nutrition Assistance Program (SNAP) benefits were deducted from it by the clerk as described in Section E below. CI departed the store at about    *Redacted  .

**OTHER COMMENTS**

INELIGIBLE ITEMS PURCHASED

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).
FORM FNS-413 (PAGE 1 OF 3) - (7-98) PREVIOUS EDTIONS OBSOLETE.

| C. SUMMARY OF PURCHASE | | CASE NUMBER | EXHIBIT        C |
|---|---|---|---|
| 1. PURCHASE PRICE CHARGED BY CLERK | 12.00 | TR31100 | PAGE         2 |

2. INELIGIBLE ITEMS

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|
| 1 - 15 COUNT BOX OF "KRASDALE" 13 GALLON TRASH BAGS | 1.69 |
| 1 - 14 OZ CAN OF "AJAX" POWDERED CLEANSER | NPI |
| 1 - 1 PACK "CHORE BOY" DISH SOAP | 1.10 |

3. ELIGIBLE ITEMS

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|
| 1 - BOTTLE OF APPLE SAUCE | 2.49 |
| 1 - BOX OF TEA BAGS | 1.49 |
| 1 - BOX OF PASTA | NPI |
| 1 - BAG OF CHIPS | NPI |

4. ITEMS PURCHASED WITH CASH CHANGE

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|

5. REFUSALS

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|

*NPI=No Price Indicated or Price Illegible
*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).

FORM FNS-413 (PAGE 2 OF 3) - (7-98) PREVIOUS EDTIONS OBSOLETE.

| D. APPEARANCE OF CLERK | | | | | CASE NUMBER | | EXHIBIT |
|---|---|---|---|---|---|---|---|
| 1. SEX | 2. AGE | 3. HEIGHT RANGE | 4.WEIGHT | 5.HAIR COLOR | TR31100 | | C |
| Male | 50 - 55 | 6'1" - 6'4" | 170 - 180 | Black | Result | P | PAGE 3 |

| 6. OTHER IDENTIFYING INFORMATION: | 7. IDENTIFIED DURING TRANSACTION AS: (Name) |
|---|---|
| Clerk same as Exhibit A | NO |
| | (Title, Relationship to owner): |
| | UNKNOWN |
| | 8. MEANS OF IDENTIFICATION: |
| | N/A |

**9. DETAILS OF TRANSACTION AT THE CASH REGISTER**

CI PLACED FOODS AND NON-FOODS ON THE COUNTER AND GAVE CLERK EBT CARD. CLERK TOTALED ALL ITEMS, PROCESSED TRANSACTION, GAVE CI PURCHASE, RECEIPT AND EBT CARD. THE CLERK MADE NO COMMENT ABOUT THE INELIGIBLE ITEMS PURCHASED.

**E. RECORD OF BENEFITS ISSUED AND USED IN THE TRANSACTION**

**1.EBT Benefits Issued, Used and Returned**

| EBT Card Number | A. Issued Value | B. Used Value | C. Returned Value |
|---|---|---|---|
| *Redacted | $158.48 | $12.00 | $146.48 |

EBT Receipt Included?     Yes                    Cash Register Tape Included?  No

**2. ADDITIONAL COMMENTS**

| F. CERTIFICATION | Trafficking Cash Received: |
|---|---|
| This declaration consists of ___3___ pages. I have signed or initialed each page. The facts stated in this declaration are true to my knowledge. If I am called to testify as a witness in my proceeding, I am competent to testify to the matters stated herein. Further declarant sayeth not. I declare under penalty of perjury the foregoing is true and correct. | 1. DATE OF REPORT |
| | 4. INVESTIGATOR'S SIGNATURE |
| | *Redacted |

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).
**FORM FNS-413 (PAGE 3 OF 3) - (7-98) PREVIOUS EDITION OBSOLETE.**

| US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE | | EXHIBIT | D |
|---|---|---|---|
| **TRANSACTION REPORT** | | PAGE | 1 |
| **A. CASE IDENTIFICATION DATA** | 3. STORE NAME AND ADDRESS | | |
| 1. RETAILER INVESTIGATIONS BRANCH<br>   CASE IDENTIFICATION NUMBER<br>   **TR31100** | Flatbush Best Deli Inc<br>1218 Flatbush Ave | | |
| 2. DATE          9/22/2011 | Brooklyn | NY | 11226 |

**B. SUMMARY OF TRANSACTION**

1. The following is a description of an EBT transaction conducted by a confidential informant (CI) under the supervision of the reporting FNS RIB Investigator. All data is taken from a signed statement of the CI which is on file in the Retailer Investigations Branch Area Office.

2. On the above date, the CI accompanied me to the vicinity of the subject store. The CI turned over to me all EBT cards and cash that was in his/her possession. I furnished the CI with EBT card(s) having a total value of    **$274.90** , as specified in Section E below. After the transaction, the CI delivered to me the items purchased as described in Section C below and also the EBT card(s), and any cash as specified in Section E below.

3. On the above date, at about (time)    *Redacted , CI entered subject store. CI selected the items specified in Section C below. This store has    **1**    primary grocery check-out registers,    **1** (was/were) in operation at the time of purchase. At the check-out there ( was/were)    **3**    person(s) in line ahead of CI and    **4**    person(s) in line behind CI. The clerk sold to CI the items listed in Section C  2 and 3, below at a total cost of    **$18.00** . CI gave the clerk the EBT card and Supplemental Nutrition Assistance Program (SNAP) benefits were deducted from it by the clerk as described in Section E below. CI departed the store at about    *Redacted .

**OTHER COMMENTS**

INELIGIBLE ITEMS PURCHASED, TRAFFICKING REFUSED.

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).

FORM FNS-413 (PAGE 1 OF 3) - (7-98) PREVIOUS EDTIONS OBSOLETE.

| C. SUMMARY OF PURCHASE | | CASE NUMBER | EXHIBIT | D |
|---|---|---|---|---|
| 1. PURCHASE PRICE CHARGED BY CLERK | 18.00 | TR31100 | PAGE | 2 |

2. INELIGIBLE ITEMS

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|
| 1 - 109.2 SQUARE FEET 1000 SHEETS OF "MARCAL" BATH TISSUE | NPI |
| 1 - 10 COUNT BOX OF "KRASDALE" 30 GALLON TRASH BAGS | 1.79 |
| 1 - 25 SQUARE FEET BOX OF "BRAND NAME" ALUMINUM FOIL | 0.99 |

3. ELIGIBLE ITEMS

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|
| 1 - JAR OF COLE SLAW | NPI |
| 1 - JAR OF EGG SALAD | NPI |
| 1 - PACK OF COOKIES | 1.49 |
| 1 - PACK OF CRACKERS | 1.79 |
| 1 - CAN OF SOUP | NPI |

4. ITEMS PURCHASED WITH CASH CHANGE

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|
| | |

5. REFUSALS

| QUANTITY AND DESCRIPTION | PRICE * |
|---|---|
| CASH | |

*NPI=No Price Indicated or Price Illegible
*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).
**FORM FNS-413 (PAGE 2 OF 3) - (7-98) PREVIOUS EDTIONS OBSOLETE.**

| D. APPEARANCE OF CLERK | | | | | CASE NUMBER | | EXHIBIT | |
|---|---|---|---|---|---|---|---|---|
| 1. SEX | 2. AGE | 3. HEIGHT RANGE | 4. WEIGHT | 5. HAIR COLOR | TR31100 | | D | |
| Male | 50 - 55 | 6'1" - 6'4" | 170 - 180 | Black | Result | P | PAGE | 3 |

| 6. OTHER IDENTIFYING INFORMATION: | 7. IDENTIFIED DURING TRANSACTION AS: (Name) |
|---|---|
| Clerk same as Exhibit A | NO |
| | (Title, Relationship to owner): |
| | UNKNOWN |
| | 8. MEANS OF IDENTIFICATION: |
| | N/A |

**9. DETAILS OF TRANSACTION AT THE CASH REGISTER**

CI PLACED FOODS AND NON-FOODS ON THE COUNTER AND GAVE CLERK EBT CARD. AFTER CLERK TOTALED AND PROCESSED TRANSACTION, CI ASKED TO EXCHANGE BENEFITS FOR CASH. CLERK SAID NO, THEN GAVE CI PURCHASE, RECEIPT AND EBT CARD. CLERK MADE NO COMMENT ABOUT THE INELIGIBLE ITEMS PURCHASED.

**E. RECORD OF BENEFITS ISSUED AND USED IN THE TRANSACTION**

**1. EBT Benefits Issued, Used and Returned**

| EBT Card Number | A. Issued Value | B. Used Value | C. Returned Value |
|---|---|---|---|
| *Redacted | $274.90 | $16.50 | $258.40 |
| *Redacted | $258.40 | $1.50 | $256.90 |

EBT Receipt Included?     Yes                    Cash Register Tape Included?  No

**2. ADDITIONAL COMMENTS**

CLERK CONDUCTED TWO TRANSACTIONS, ONE ITEM WAS INADVERTENTLY NOT TOTALED WITH THE FIRST TRANSACTION.

| F. CERTIFICATION | Trafficking Cash Received: | |
|---|---|---|
| This declaration consists of **3** pages. I have signed or initialed each page. The facts stated in this declaration are true to my knowledge. If I am called to testify as a witness in my proceeding, I am competent to testify to the matters stated herein. Further declarant sayeth not. I declare under penalty of perjury the foregoing is true and correct. | 1. DATE OF REPORT | |
| | 4. INVESTIGATOR'S SIGNATURE | |
| | *Redacted | |

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).

**FORM FNS-413 (PAGE 3 OF 3) - (7-98) PREVIOUS EDITION OBSOLETE.**



**United States
Department of
Agriculture**

Food and Nutrition
Service

New York Field
Office

201 Varick St,
Rm 609
New York, NY
10014-7066

Phone:
212-620-7360
Fax:
212-620-6948

December 15, 2011

Mukhtar Saleh
Flatbush Best Deli Inc
1218 Flatbush Ave
Brooklyn, NY 11226

Consideration has been given to the information and evidence available to us relating to our letter of charges dated October 25, 2011, and to your reply of November 14, 2011. We find that the violations cited in our charge letter occurred at your firm.

We considered your eligibility for a hardship civil money penalty (CMP) according to the terms of Section 278.6(f)(1) of the Supplemental Nutrition Assistance Program (SNAP) regulations (enclosed). We have determined that you are not eligible for the CMP because there are other authorized retail stores in the area selling as large a variety of staple foods at comparable prices.

Therefore, your firm shall be disqualified from the Supplemental Nutrition Assistance Program for a period of 6 months. This is in accordance with Section 278.6 (a) and (e) of the SNAP regulations.

This disqualification will become effective on the 10th calendar day following your receipt of this letter. If the 10th calendar day is a Saturday, Sunday or legal (Federal) holiday, the disqualification will be effective the next day which is not a Saturday, Sunday or legal (Federal) holiday.

This determination will be final unless you submit a written request for review to the Chief, Administrative Review Branch, USDA, FNS, 3101 Park Center Drive, Room 438, Alexandria, Virginia 22302. Your request for review must be postmarked by midnight of the 10th calendar day after you receive this letter, in order to be considered timely. If the 10th day of the period for requesting review falls on a Saturday, Sunday or legal (Federal) holiday, a request for review will be timely if it is postmarked the next day which is not a Saturday, Sunday or legal (Federal) holiday. The rules governing your review rights are contained in Section 278.6(n) and Part 279 of the SNAP regulations.

If a timely request for review is made, you may continue to accept and redeem SNAP benefits until the review officer has made a decision on your request.

This determination shall not preclude the Department of Agriculture or any other agency or department of the United States from taking further action to collect any claim determined under SNAP regulations or under any other pertinent statutes or

AN EQUAL OPPORTUNITY EMPLOYER

EXHIBIT C

regulations, nor shall this determination preclude prosecution under any applicable laws.

Your Electronic Benefit Transfer (EBT) processor will be advised to disable your EBT connection. Your EBT machine should be returned to your EBT vendor. If it is determined that you accepted SNAP benefits after the effective date of disqualification, you will be subject to a monetary fine per Section 278.6(m) of the SNAP regulations and possible prosecution under applicable laws.

If you are an authorized vendor under the Special Supplemental Nutrition Program for Women, Infants, and Children (WIC), you may be disqualified from the WIC Program as a result of your disqualification from the SNAP. In accordance with current law governing both the SNAP and the WIC Program, such a WIC Program disqualification is not subject to administrative or judicial review under the WIC Program. A CMP from the Supplemental Nutrition Assistance Program may also result in a WIC Program disqualification, but such a disqualification would be subject to administrative and/or judicial review.

In the event that you sell or transfer ownership of your store subsequent to your disqualification, you will be subject to and liable for a CMP as provided by SNAP regulations Sections 278.6(f)(2), (3), and (4). The amount of this sale or transfer CMP will be calculated based on SNAP regulations at 278.6(g).

You may apply for authorization 10 days prior to the end of your disqualification period.

Sincerely,

GILDA TORRES
Officer-In-Charge
New York, NY Field Office

Enclosure

Nov 14, 2011

**Mukhtar Saleh**

**Flatbush Best Deli Inc.**

**1218 Flatbush Ave**

**Brooklyn NY 11226**

To whom it may Concern:

     My name is Mukhtar Saleh the owner Flatbush Best Deli Inc located at 1218 Flatbush ave brooklyn ny 11226. I Am writing in response to the charge letter notifying my busniess of accepting SNAP benefits in exchage for merchandise

     I was totally shocked to find theses charges against my busniess , I never ever had any problem with the law before. I carefully went through the report, I looked at the date of each transation and the description of the clerk. I carefully looked at each Exhibits A,B,C,D on the report. On Exhibit B matches employee that have been working with me since my store been open back in August 2009. He declined the sale of non-food items. But on the other hand Exhibits A,C,D all are the same person and none of my employee match that description the oldest worker I ever had is 39 years old he is 4'9" weights 142ibs it matches the descriton of exhibit B and the tallest i ever had working for me is 5'9".

     I am not in a postion to deny the fact if any of my low trained employee might had entered a transaction that should have not had happened at all. We have a very strict store policy, I can assure the USDA that any such lapses were not in accordance with store policy and training. I would institute a new training policy ensuring that only well trained employees would handle SNAP trasaction.

     My busniess will suffer great lose if im disqualified for a period of 6 months. There are more people on Food Nutrition Program(FNP) then ever before, since 2006 people on the FNP nearly doubled from 1million to almost 1.9million in the city alone. Especially people in Flatbush area.

     My wife works with me in the store she is from Morocco she speaks fluent

1

EXHIBIT D

in French and Creole and i also have an emplyee that is from Haiti. There are a large amount of haitians living in this community. A lot of them dont speak english it will make it very difficult for the people in the community if you disqualified my busniess. There isn't a lot of stores in the area that speak the French language. It will give the Haitian people a hardship if I am disqualified for 6 months.

I Plea for synpathy I am very sorry of this incident it is going make it hard for the community and for me please make this be warning or impose a resonable civil money penalty I've worked very hard in my life never had a problem with the law before please take things for consideration. If anyone whould like to contact me regarding this matter please feel free to call my cell phone at (718)219-3385 thank you.

Sincerely,

Mukhtar Saleh

2

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Peter Ratsamy and 88 Oriental Foods,

                Plaintiffs,

v.

United States of America and United
States Department of Agriculture
through its agency the Food and Nutrition Service,

                Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-975 ADM/JJK

---

William Ford, Esq., Hopkins, MN, on behalf of Plaintiffs.

Ana H. Voss, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Defendants.

---

## I. INTRODUCTION

On March 31, 2011, the undersigned United States District Judge heard oral argument on Peter Ratsamy ("Ratsamy") and 88 Oriental Foods' (collectively referred to as "Plaintiffs") Motion for Summary Judgment [Docket No. 17] and Defendants United States of America and United States Department of Agriculture ("USDA") through its agency the Food and Nutrition Service's ("FNS") (collectively referred to as "Defendants") Motion for Summary Judgment [Docket No. 9]. For the reasons set forth below, Plaintiffs' Motion is denied and Defendants' Motion is granted.

## II. BACKGROUND[1]

The facts of this case are undisputed. Ratsamy is the owner of 88 Oriental Foods, a

---

[1] On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). As both parties have moved for summary judgment, any disputed facts are noted.

EXHIBIT E

retail store in St. Paul, Minnesota. Compl. ¶ 2.  88 Oriental Foods is a participant in the food

stamp program, now known as the Supplemental Nutrition Assistance Program ("SNAP")[2]

administered by the United States Department of Agriculture's Food and Nutrition Service.  An

undercover investigation between February and August 2009 revealed that on six of seven

attempted buy occasions, an employee of 88 Oriental Foods sold ineligible items in violation of

program regulations.[3]

On August 31, 2009, the USDA issued a Charge Letter notifying Ratsamy that his store

was found to have accepted SNAP benefits in exchange for merchandise in violation of 7 C.F.R.

278.2(a).  A.R. [Docket No. 12] at 40.  The letter informed Ratsamy that the violation warranted

a six-month disqualification period or, under certain circumstances, a civil monetary penalty in

lieu of a disqualification.  Id.  Ratsamy's counsel replied seeking a warning letter as the

appropriate sanction for the violation or, in the alternative, a civil monetary penalty in lieu of a

disqualification arguing that Ratsamy's wife's ability to speak fluent Thai and cater to the Thai-

speaking Burmese refugees was needed in the area.  Id. at 68-69.  In response, the USDA

determined that disqualifying Ratsamy's store from participating in the SNAP program would

cause hardship to the Burmese population in the area and instead assessed a civil monetary

---

[2] In 2008, Congress amended the Food Stamp Act, renaming it the Food and Nutrition
Act and renamed the "food stamp program" the "SNAP," but it did not substantively change the
statutory provisions at issue in this case.

[3] Among the ineligible food items sold were mostly household items of nominal value
including plastic spoons, toothbrushes, toothpaste, toilet tissue, aluminum foil, and a scrub
sponge.  The total value of the ineligible goods was $66.00.

2

penalty in accordance with the formula set forth in 7 C.F.R. § 278.6(g)[4] in the amount of

$27,300.00. Id. at 83.

Ratsamy's counsel requested an administrative review of the imposition of the

$27,300.00 penalty arguing that "the penalty sought to be imposed in this case is clearly out of

proportion to the offense." Id. at 103. On February 24, 2010, the USDA issued its Final Agency

Decision affirming the decision and upholding the amount of the civil monetary penalty. Id. at

114, 115-121.

On March 26, 2010, Ratsamy filed suit seeking judicial review of the USDA's decision

to impose the civil monetary penalty. Both parties moved for summary judgment.

## III. DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[4] The formula is as follows:

> (1) Determine the firm's average monthly redemptions of coupons for the 12-month period ending with the month immediately preceding that month during which the firm was charged with violations.

> (2) Multiply the average monthly redemption figure by 10 percent.

> (3) Multiply the product arrived at in paragraph (g)(2) by the number of months for which the firm would have been disqualified under paragraph (e) of this section. The civil money penalty may not exceed an amount specified in § 3.91(b)(3)(i) of this title for each violation.

7 C.F.R. § 278.6(g).

3

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for

summary judgment, the Court views the evidence in the light most favorable to the nonmoving

party.  Ludwig v. Anderson, 54 F.3d at 470.  The nonmoving party may not "rest on mere

allegations or denials, but must demonstrate on the record the existence of specific facts which

create a genuine issue for trial."  Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B. Eighth Amendment Violation**

Ratsamy's lone argument[5] is that the civil monetary penalty is excessive and

disproportionate to the wrongdoing, in violation of the Excessive Fines Clause of the Eighth

Amendment.  The Eighth Amendment to the United States Constitution provides: "Excessive

bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments

inflicted."  U.S. Const. amend. VIII.

A monetary assessment imposed as punishment is a "fine" within the meaning of the

Excessive Fines Clause.  United States v. Bajakajian, 524 U.S. 321, 327-34 (1998).  The

government asserts that it has found no case in which a court has held that the civil monetary

penalty at issue here constitutes a "fine" for purposes of the Eighth Amendment.  This question

---

[5] While the government briefed additional issues, namely, whether the civil monetary penalty runs afoul of the Due Process clause or the Administrative Procedures Act, Plaintiffs' brief focuses entirely on the Eighth Amendment, framing the issue solely as whether the penalty constitutes an excessive fine. In addition, at oral argument, counsel for Plaintiffs focused his challenge on the Eighth Amendment argument only.

need not be decided because even assuming the civil monetary penalty in this case constitutes a "fine" for purposes of the Eighth Amendment, it is not excessive. A fine is unconstitutionally excessive it if is "grossly disproportional to the gravity of the defendant's offense." Id. at 334.

Ratsamy relies solely on Bajakajian to argue that the civil monetary penalty is unconstitutional. In Bajakajian, the defendant pleaded guilty to failing to report that he was transporting more than $10,000 in currency out of the country. Id. at 324-25. The Supreme Court held that the forfeiture of the entire amount of the currency - $357,144 - was grossly disproportionate to the gravity of the offense. Id. at 337-338.

In making this determination, however, the Supreme Court cautioned "that judgments about the appropriate punishment for an offense belong in the first instance to the legislature" and that judicial determination regarding the gravity of an offense "will be inherently imprecise." Id. at 336. The goal of the SNAP program is to safeguard the health and well being of the nation's population by raising levels of nutrition among low income households. 7 U.S.C. § 2011. Congress originally prescribed harsh penalties for violations, including permanent disqualification from the program. Since the program's inception, Congress has amended the penalty provisions to make them more severe in order to deter fraud and prevent trafficking activity hoping to maintain the integrity of the program. S. Rep. No. 97-504 at 63 (adopting several provisions "designed to increase penalties for retail stores which violate the Food Stamp Act" and stating that their purpose is "deterrence for those stores which might be inclined to violate the law."). Indeed, in 2008, Congress specifically amended the civil monetary penalty and increased the maximum possible penalty from $10,000 per violation to $100,000 per violation. This evinces Congress' belief that violations are considered serious offenses. Thus,

5

the maximum statutory penalty is a proper consideration of whether an assessment is excessive. In this case, the penalty assessed is below the $66,000 maximum statutory penalty that could have been assessed had Ratsamy's food stamps redemptions been higher and far below the $600,000 maximum statutory penalty that is currently in effect.[6]

Ratsamy urges the Court to compare the amount of the penalty to the value of the ineligible goods sold during the six violations, which total approximately $66.00. But this is a false comparison; the formula for calculating the civil monetary penalty is related to a store's SNAP redemptions, not the value of the ineligible goods sold or the number of violations. The size of the penalty here is driven by the high volume of SNAP business done by 88 Oriental Foods (88 Oriental Foods' cumulative redemptions for the 12-month period preceding the issuance of the Charge Letter exceeded a half-million dollars).

In addition, the civil monetary penalty is designed to bring participating stores into compliance and to deter stores from violating the law. As one court aptly noted,

> Nowhere in the Senate Report is it suggested that the penalty be made to reflect the amount involved in the violation. As the amount involved in the sale of ineligible goods is often small, a civil money penalty which is made proportionate to that amount is unlikely to have the kind of deterrent effect that the Senate intended.

Objio v. United States, 113 F. Supp. 2d 204, 210. This case is illustrative of the Objio court's reasoning. The value of the ineligible goods involved here is only $66.00. The penalty must be sufficiently severe so that the retailer ceases the illegal activity rather than making the economic decision to simply pay the penalty yet continue violating the regulations. Indeed, calculating the

---

[6] While the current maximum fine is $100,000 per violation, the USDA regulations have not incorporated Congress' increase, so the maximum fine in this case is $11,000 per violation.

6

penalty in accordance with the formula set forth in 7 C.F.R. § 278.6(g) and not considering the value of the ineligible goods sold in that calculation is consistent with the intent of Congress. Courts have routinely upheld civil monetary penalties calculated in accordance with the regulations. See Vasudeva v. United States, 214 F.3d 1155, 1161-62 (9th Cir. 2000) (upholding penalties of $13,200 and $39,840 for trafficking in food stamps); Traficanti v. United States, 227 F.3d 170, 177 (upholding $40,000 transfer penalty); Objio, 113 F.Supp. 209-11 (upholding a transfer penalty of $15,000 where the value of the goods was $280).

Next, in Bajakajian, the Supreme Court noted that the defendant did not fit into the class of persons for whom the forfeiture statute was principally designed - money launderers, drug traffickers, and tax evaders. Bajakajian, 524 U.S. at 337-38. The civil monetary penalty at issue in this case targets those who violate SNAP's regulations. Ratsamy's store violated SNAP on at least six occasions by selling ineligible items and therefore falls squarely among the class of persons targeted by the statute.

Moreover, in Bajakajian, the Supreme Court recognized that the crime at issue was "solely a reporting offense" and stated that transporting the currency out of the country was lawful as long as it was reported and unrelated to any other illegal activity. Id. at 337. It therefore considered the harm to be minimal, affecting the Government "in a relatively minor way," with "no fraud on the United States" and "no loss to the public fisc." Id. at 339. By contrast, Ratsamy's actions harmed the government, in the form of monetary damages (albeit small) and harm to the integrity of the food stamp program. As stated previously, 88 Oriental Foods sold ineligible items on at least six occasions during a six-month period. Acceptance of ineligible items for food stamps is a serious violation that defrauds the government. Fraudulent

7

claims make the administration of the food stamp program more difficult, and widespread fraud undermines public confidence in the government. See S. Rep. No. 99-345, at 2-3 (noting ubiquitous fraud in government programs and the inherent difficulties in deterring fraud).

Finally and significantly, Ratsamy could have elected temporary disqualification from the SNAP instead of the civil monetary penalty. Presumably, the financial consequences of a temporary disqualification were greater to Ratsamy than the civil monetary penalty. Having chosen the monetary penalty in lieu of a temporary disqualification, Ratsamy cannot now be heard to complain that his choice is unconstitutional. See Vasudeva, 214 F. 3d at 1161-62.

Considering the relevant factors above renders inevitable the conclusion that, while severe, the penalty imposed here is not constitutionally excessive. Accordingly, there is no Eighth Amendment violation and Plaintiffs' motion for summary judgment is denied and the Defendants' motion is granted.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion [Docket No. 17] is **DENIED** and Defendants' Motion [Docket No. 9] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 21, 2011.

8

**Exhibit C**

# EDWARD M. KRATT

### Attorney At Law

350 Broadway, Suite 1202
New York, NY 10013

Tel: (212) 941-1277
Fax: (212) 274-1189

E-mail: edkratt@aol.com

Via Federal Express

January 13, 2012

Ms. Lorie Conneen
Administrative Review Officer
USDA, Food and Nutrition Service
Administrative Review Branch
USDA, FNS
3101 Park Center Drive
Room 432
Alexandria, Virginia 22302

Re: Mukhtar Saleh and Flatbush Best Deli, Inc.

Dear Ms. Conneen:

I am the attorney for Mukhtar Saleh and Flatbush Best Deli,
Inc. in connection with its request for your review of the
determination, dated December 15, 2011, by Ms. Gilda Torres of
the USDA New York Field office, which disqualified said business
from participation in the Supplemental Nutrition Assistance
Program (SNAP) program for a period of six months.

Pursuant to your letter of December 27, 2011 (enclosed for
your reference), I am timely submitting additional information
in support of our position that such determination should be
reversed and that my clients be permitted to continue their
participation in the SNAP program.

1

Specifically, I have enclosed the following: 1) the Affidavit of Mukhtar Saleh, the owner of Flatbush Best Deli, Inc.; 2) the Affidavit of his wife, Ms. Gawhara Saleh; 3) and a Petition from the clients of the store in support of its application to continue their eligibility for the SNAP program.

As detailed more fully in our prior submitted Request for Administrative Review, dated December 20, 2011 (an additional copy is enclosed herein), it is strongly contended that, under all the circumstances herein, such a penalty is extreme and unwarranted and would cause excessive hardship to the Haitian community that the business serves.

In light of all of the above factors, I urge this Administrative Review Staff to reverse the prior determination of the USDA New York Field office. I urge the Review Staff to issue a warning letter, or, in the alternative to impose a civil monetary penalty, in lieu of disqualification.

Thank you for your consideration in this matter.

Sincerely,

Edward M. Kratt
Attorney for Mukhtar Saleh
and Flatbush Best Deli, Inc.

encl.

cc:  Mr. Mukhtar Saleh

2

U.S. DEPARTMENT OF AGRICULTURE
FOOD AND NUTRITIONAL SERVICE
OFFICE OF ADMINISTRATIVE REVIEW
----------------------------------x
IN RE: FLATBUSH BEST DELI, INC
        MUKHTAR SALEH

                                    **AFFIDAVIT OF**
                                    **MUKHTAR SALEH**

----------------------------------x


STATE OF NEW YORK)
                 )ss:
COUNTY OF KINGS  )

MUKHTAR SALEH, hereby states under the penalties of perjury that
the following is true:

1.  I am the Owner of Faltbush Best Deli, Inc., located at 1218
Flatbush Avenue, Brooklyn, New York 11226-7667.

2. I started and incorporated my business in 2009 and chose its
particular location to primarily serve the Haitian community,
which is a large presence in this Flatbush area. Many in this
community speak no or little English.

3.  My wife, Gawhara Saleh, who is of Moroccan descent and
speaks fluent French and Creole languages, knew many people from
the Haitian community and understood that they were under-served
in the retail grocery area, due to language barriers and a lack
of particular Haitian food items.

4.  Realizing the need for those services to the Haitian
community and hoping that I could maintain a successful business

for my family and serve the Haitian community as well, I opened my business.

5. We have served our Haitian clients well, as my wife and various employees, who speak French and Creole fluently, work in the store, covering all shifts and enabling our clients to effectively communicate with them in their native languages. We also carry native Haitian food items, which no other stores in the area carry. We assist our clients in the purchase of these indigenous foods and their maintenance of an ethnic-based diet.

6. After the recent earthquake and disaster in Haiti, we served recent refugees who came to Brooklyn from Haiti by providing free and low cost food items to them.

7. The Haitian community, which is an extremely low income group, receives SNAP benefits and depend on those to purchase eligible food items.

8. My business also depends upon the income derived from SNAP purchases by my clients. Without those benefits, my business would be unable to maintain itself.

9. Disqualification from the SNAP program for six months, or even a shorter period of time, would be an extreme and undue hardship to the Haitian community as well as to my business and my family.

10. I respectfully request that such a disqualification not occur and that I be able to continue my participation in the SNAP program.

11. Thank you for your courtesy and understanding.

Dated: New York, N.Y.
      January 13, 2012

                                              MUKHTAR SALEH

Sworn to before me this
12th day of January, 2012

NOTARY PUBLIC

**GREGORY YADGAROFF**
**NOTARY PUBLIC-STATE OF NEW YORK**
No. 01YA6194434
Qualified in Queens County
My Commission Expires September 29, 2012

U.S. DEPARTMENT OF AGRICULTURE
FOOD AND NUTRITIONAL SERVICE
OFFICE OF ADMINISTRATIVE REVIEW
-----------------------------------x
IN RE: FLATBUSH BEST DELI, INC
    MUKHTAR SALEH

                                    **AFFIDAVIT OF**
                                    **GAWHARA SALEH**

-----------------------------------x

STATE OF NEW YORK)
            )ss:
COUNTY OF KINGS )

GAWHARA SALEH, hereby states under the penalties of perjury that

the following is true:

1.  I am the wife of Mukhtar Saleh, the Owner of Faltbush Best

Deli, Inc., located at 1218 Flatbush Avenue, Brooklyn, New York

11226-7667.

2. I work with my husband in our business, which opened in 2009.

We chose its particular location to primarily serve the Haitian

community, which is a large presence in this Flatbush area. Many

in this community speak no or little English.

3.  I am of Moroccan descent and speak fluent French and Creole

languages. I knew many people from the Haitian community and

understood that they were under-served in the retail grocery

area, due to language barriers and a lack of particular Haitian

food items.

4.  Realizing the need for those services to the Haitian

community, I urged my husband to start a retail food business in this area. I was hopeful that we could maintain a successful business for our family and serve the Haitian community as well.

5. We have served our Haitian clients well. I and various employees, such as Patrick Perry, a native born Haitian, speak French and Creole fluently. We work in the store, covering all shifts and enabling our clients to effectively communicate with us in their native languages. We also carry native Haitian food items, which no other stores in the area carry. We assist our clients in the purchase of these indigenous foods and their maintenance of an ethnic-based diet.

6. After the recent earthquake and disaster in Haiti, we served recent refugees who came to Brooklyn from Haiti by providing free and low cost food items to them. My husband was particularly generous and caring to these poor refugees, who had little or no money to afford food.

7. The Haitian community, which is an extremely low income group, receives SNAP benefits and depends on those to purchase eligible food items.

8. Our business also depends upon the income derived from SNAP purchases by our clients. Without those benefits, our business would be unable to maintain itself.

9. Disqualification from the SNAP program for six months, or

even a shorter period of time, would be an extreme and undue

hardship to the Haitian community as well as to our business and

my family.

10. I respectfully request that such a disqualification not

occur and that we be able to continue our participation in the

SNAP program.

11.  Thank you for your courtesy and understanding.


Dated: New York, N.Y.
        January 13, 2012

                                        _____
                                          GAWHARA  SALEH


Sworn to before me this
*12th* day of January, 2012


_____
    NOTARY PUBLIC


                        **GREGORY YADGAROFF**
                  **NOTARY PUBLIC-STATE OF NEW YORK**
                        No. 01YA6194434
                     Qualified in Queens County
                My Commission Expires September 29, 2012

# PETITION

**We the undersigned, members of the Haitian community support Flatbush Best Deli Inc. in their efforts to maintain its participation in the Supplemental Nutrition Assistance Program (SNAP).**

**We depend upon the specialized services that Flatbush Deli provides and we need the SNAP program to assist us in our purchases.  No other deli provides similar services to our community! No other store speaks our language and carrries our native foods.**

**Noumenm ki siyen pa anba, se manm kominote Ayisyen an ki sipòte Flatbush Best Deli Inc. nan efò ke y ap fè pou yo kontinye patisipe nan Pwogram Asistans Nitrisyon Siplementè (SNAP).**

**Nou depann de sèvis spesyalize ke Flatbush Deli Inc. bay & nou bezwen pwogram SNAP la pou ede nou achte. Pa gen oken lòt boutik ki bay sèvis sa yo nan kominote a! Pa gen oken lòt boutik tankou pa nou an ki pale lang ou oubyen gen manje natif natal.**

| Name | Address | Signature |
|---|---|---|
| GUINSLY ETIENNE | 2414 NEWKIRK AVE APT. 2A BK-NY | |
| William Songbria | 490 E 83 street Apt c1 BK. N.Y 11226 | |
| Assadah Oliver | 2310 Newkirk 2nd Pl Bk NY 11226 | |
| Dorcus Vailes | 2313 Newkirk Bklyn 11226 PH3 | |
| Sedrick Jean Baptue | 656 East 26th Street Brooklyn 11210 | |
| Christine Soares | 619 East 21th Street Brooklyn 11210 | |
| JEAN CHARLES | 376 east 7th Street Brooklyn NY 11218 | |
| DELROY WAYNE | 543 E 21 Street Brooklyn NY | |
| BOBBY WADE | 413 E 23 street Brooklyn N.Y 11226 | |
| Tricy Simmons | 585 E 21 street Brooklyn NY 11226 | |
| Cassie Young | 2323 Newark Ave Brooklyn NY 11226 | |
| Almando Normand | 2212 Ditmas Ave Brooklyn 11226 | |
| Ira Amsterdam | 2225 Ditmas Ave BKNY 11226 | |
| HOLDEN VIVIEN | 1220 FLATBUSH AVE Bklyn NY 11226 | |
| Greg Johnson | 2215 Newkirk Ave | |
| Marie Joseph | 2225 ditmas Ave | |
| Marilyn Williams | 1199 Flatbush Avenue | |
| PATRICK Leon | 1212 Ditmas Avenue | |
| Demni Glover | 1228 Flatbush Ave | |
| ROBINSON Delmas | 1264 Flatbush ave. | |
| Shane Dicks | 585 East 21 Street | |
| Shirley Searlay | 5708 Ave D 11226 | |
| James Williams | 975 Ocean Ave 11226 | |
| Nedra Williams | 975 Ocean Ave 11226 | |
| Lorine Sanders | 1418 St. Mark Ave 11233 | |
| Marjorie McGregor | 618 E 21 St Apt E 6 | |
| Margaret Williams | 401-E-23-St Apt-4-L | 11226 |
| Giovanna Janelle | 2574 Bedford Ave | 11226 |

# PETITION

We the undersigned, members of the Haitian community support Flatbush Best Deli Inc. in their efforts to maintain its participation in the Supplemental Nutrition Assistance Program (SNAP).

We depend upon the specialized services that Flatbush Deli provides and we need the SNAP program to assist us in our purchases. No other deli provides similar services to our community! No other store speaks our language and carrries our native foods.

Noumenm ki siyen pa anba, se manm kominote Ayisyen an ki sipòte Flatbush Best Deli Inc. nan efò ke ap fè pou yo kontinye patisipe nan Pwogram Asistans Nitrisyon Siplemantè (SNAP).

Nou depann de sèvis spesyalize ke Flatbush Deli Inc. bay & nou bezwen pwogram SNAP la pou ede nou chte. Pa gen oken lòt boutik ki bay sèvis sa yo nan kominote a! Pa gen oken lòt boutik tankou pa nou an i pale lang ou oubyen gen manje natif natal.

Name | Address | Signature
--- | --- | ---
Cassandra Dauphin | 401 East 23rd St Apt 5L Brooklyn N.Y. 11226 | Cass Dauph
Batoul Coanta | 401 E 23rd Apt 8L | Batoul Coanta
Natacha Petit | 401 Est 23rd Ap 7L | Natacha Petit
Stephanie Stephen | 401 Est 23 Apt 7L | Stephanie Stephen
Kesler La Brew | 401 East 23rd Apt 12L | Kesler La Brew
Qouann Carlo | 401 E 23rd St 23, 11226 | Carlo
Karony Karel | 401 E 23rd St 11 11 | 
Beatrix Henriques | 11 11 11 | B. Henriques
Helene Merke | 401 E 23 #5L | Myrte Helene
Clifton Thomas | 401 E 23 #6R | Clifton Thomas
Lilia Joseph | 401 E 23 Street | Lilia Joseph
Yvonne Modeste | 401 E 23 Street apt 1or | G. Modeste
Syrela Gregg | 417 E 23rd St bldg PUTH | 
Carolyn Gregg | 11 11 11 11 | 
Rustaed Mylen | 11 | 
Salcander | | 
Greg King | 1211 Flatbush 1831 E 11 St Brooklyn NY | Greg K
Jon Legal | 514 E 72 nd St. 4D | Jon Legal
Steve Crooks | 1272 Flatbush Ave | S. Crooks
Lee LeBron | 21-10 New Kirk 1L | LeBron
Trenton Williams | 1St N | 401 E 23
Avanita Whitaker | 401 E 23 | MK T 1
Jerman Robson | 401 E 23 | J.R.
Arma Fuentes | 1275 Flatbush Ave | Arma
Maum Francas | Avenue | 
Arlene Sinclair | 3304 Newkirk | Arlene Sinclair

# PETITION

We the undersigned, members of the Haitian community support Flatbush Best Deli Inc. in their efforts to maintain its participation in the Supplemental Nutrition Assistance Program (SNAP).

We depend upon the specialized services that Flatbush Deli provides and we need the SNAP program to assist us in our purchases.  No other deli provides similar services to our community! No other store speaks our language and carrries our native foods.

Noumenm ki siyen pa anba, se manm kominote Ayisyen an ki sipòte Flatbush Best Deli Inc. nan efò ke 'ap fè pou yo kontinye patisipe nan Pwogram Asistans Nitrisyon Siplemantè (SNAP).

Nou depann de sèvis spesyalize ke Flatbush Deli Inc. bay & nou bezwen pwogram SNAP la pou ede nou chte. Pa gen oken lòt boutik ki bay sèvis sa yo nan kominote a! Pa gen oken lòt boutik tankou pa nou an i pale lang ou oubyen gen manje natif natal.

| Name | Address | Signature |
|---|---|---|
| Kenvin Stewart | 2225 Ditmas Ave | Kstewart |
| Jantay Luen | 636 E 21st. | berjay |
| _____ Cottes | 1216 Ditmas Ave | c. Rodrigues |
| Rhode-Elise St-Jacques | 401 E 23d st | _____ |
| Luis Saint-hymes | 401 E 23rd st | _____ |
| KAREN LEMAITRE | 401 E 23 street | _____ |
| Yael Harewood | _____ East 28 street | Y. Harewood |
| James Perham | 259 east 26 Street | L. Perham |
| Tess francis | 2413 Clarendon Road | T. francis |
| Jenniffer Murdaugh | 529 E 22nd St #1d | Jenniff. Murdy |
| Russ Murdaugh | 529 East 22nd st #1B | Russe Murdy |
| Simon Cot | 529 East 22nd st apt 1C | Simon Cot |
| _____ | 529 East 22nd st apt 1A | Luis Jules Go. |
| Hillary St-Fleur | 529 E 22 st apt 2D | Hellary St-Fleur |
| Daisy Cady | 529 E 22nd st 5C | Daisy Cady |
| JANETTA FARRELL | 529 EAST 22 st apt 2B | J. Farrell |
| Janet Glasgow | 529 East 22nd Street #2G | Janet Glasgow |
| Carine Nate | 529 E 22 street APT 3A | N. carine |
| Saey Dersainiv | 2116 Ditmas ave apt 35 | Saey Dersainiv |
| On. de | 114-06-162 | E. On. de |
| E. Ellis | 2116 Ditmas Ave | E. Ellison |
| M. Campbell | 2116 Ditmas Ave | M. C. |
| Amadi Madio | 3806 Farragut RD Apt | Thena Elino |
| ARMANDO DIORRIENTE | 2225 Ditmas Ave Apt #2A | _____ |
| Vernal Johnson | 401 23rd Ditmas | _____ |
| Jerome Boland | 220 Gates Ave 1st Flr | _____ |
| Devon Harris | 222 E 17st | _____ |

# PETITION

We the undersigned, members of the Haitian community support Flatbush Best Deli Inc. in their efforts to maintain its participation in the Supplemental Nutrition Assistance Program (SNAP).

We depend upon the specialized services that Flatbush Deli provides and we need the SNAP program to assist us in our purchases.  No other deli provides similar services to our community! No other store speaks our language and carrries our native foods.

Noumenm ki siyen pa anba, se manm kominote Ayisyen an ki sipòte Flatbush Best Deli Inc. nan efò ke ap fè pou yo kontinye patisipe nan Pwogram Asistans Nitrisyon Siplemantè (SNAP).

Nou depann de sèvis spesyalize ke Flatbush Deli Inc. bay & nou bezwen pwogram SNAP la pou ede nou achte. Pa gen oken lòt boutik ki bay sèvis sa yo nan kominote a! Pa gen oken lòt boutik tankou pa nou an ki pale lang ou oubyen gen manje natif natal.

| Name | Address | Signature |
|---|---|---|
| Franz Maxime | 470 BNewk Flatbush 4B | |
| Alex Motchuhua | 1216 Flatbush 3C | 11226 |
| | 250 E 25 | 11226 |
| Linda Wilson | 255 E 25 st | 11226 |
| Marie Jerie Denis | 452 East 21 st | 11226 |
| Anna Smith | 1715 Noshaud Ave | 11226 |
| Welch, Walbern | 534 E 21 St. Brooklyn N.Y. 11226 |
| Alberto Torres | 1246 Flatbush Av Apt 2 11226 |
| Esther Wattis | 580 east 22nd st 11226 |
| Jean Paul | 1206 Flatbush 11226 |
| Anthony Jns | 955 Ocean Ave 4E 11226 |
| | Brooklyn NY 11226 |
| Michael Jn | 600 E 21st Bklyn 11226 |
| Newberto Joseph | 580 East 21 st 2K |
| Thees Davdoci | 2104 East 21 St. Apt 71 |
| Jessen Primus | 2301-03 Newkirk Apt 5 11226 |
| Brandon Ellison | 2116 Ditmas Ave Apt 3a 11226 |
| Brenda Morris | 2315 Newkirk Ave Apt E11 11226 Brenda Morris |
| William Morris | 2315 Newkirk Ave Apt E11 11226 |
| Rodney Howard | 467 stephen st Apt 2C 11226 Rodney Howard |
| Craig Clyne | 480 east 23st Apt 2D 11226 |
| Joycet Stavey | 1012 Ocean Ave #61 |
| Chanel Levy | 2313 Newkirk Ave PH J Chanel Levy |
| Damon Watts | 531 East 22 |
| Tanesha Patterson | 1191 Flatbush Ave Brooklyn 11226 |
| Michael Lewis | 550 E 21st 3K NY 11226 |
| Jlian London | 2116 Ditmas Ave 3C Brooklyn NY 11226 |

# PETITION

**Ve the undersigned, members of the Haitian community support Flatbush Best Deli Inc. in their efforts naintain its participation in the Supplemental Nutrition Assistance Program (SNAP).**

**Ve depend upon the specialized services that Flatbush Deli provides and we need the SNAP program to ssist us in our purchases.  No other deli provides similar services to our community! No other store peaks our language and carrries our native foods.**

**Joumenm ki siyen pa anba, se manm kominote Ayisyen an ki sipòte Flatbush Best Deli Inc. nan efò ke ap fè pou yo kontinye patisipe nan Pwogram Asistans Nitrisyon Siplemantè (SNAP).**

**Iou depann de sèvis spesyalize ke Flatbush Deli Inc. bay & nou bezwen pwogram SNAP la pou ede nou chte. Pa gen oken lòt boutik ki bay sèvis sa yo nan kominote a! Pa gen oken lòt boutik tankou pa nou a i pale lang ou oubyen gen manje natif natal.**

11226 TOTT

| Name | Address | Signature |
|---|---|---|
| Cody STANGELD | 451 E Ast 22 St C 36 | |
| Frantz Georges | 514 E 2nd 11226 | |
| BUN SENG - HAPPY 1 HOUR PHOTO 1226 FLATBUSH | | Beasy |
| Clothing store | 1318 Flatbush av 226 | |
| Millie White | 2814 Newkird Ave 11226 AS | Irene Lee |
| ARMANDO TORRIENTE | 2225 Ditmas Ave Apt 2 A Brooklyn 11226 | |
| KAMA HUSAN 1212 FLAT BUSH BKWL, N 11226 | | |
| Bill ARROYO | 975 Ocean Ave Brooklyn 11226 3B | |
| ARIAS TIWAREZ | 975 ocean ave Brooklyn NY 11226 1B | |
| Dave CRUZ | 975 ocean ave Brooklyn NY 11226 1C | |
| mike Hunter | 975 ocean ave Brooklyn NY 11226 1A | |
| Tony Rosado | 975 Ocean Ave Brooklyn NY 11226 4B | |
| James Wills | 961 Ocean Ave Brooklyn NY 11226 4C | |
| Linda Sanders | 961 Ocean Ave Brooklyn NY 11226 | |
| Lucille Davis | 585 E 21 St Apt 1D 11226 Brooklyn NY | |
| | | 1226 |
| Lidia | 611 E 21 St Apt 6B Blyn 11226 | |
| Sandra orellana | 611 E 21 St Apt 1B Brooklyn 11226 | |
| Patricia Russell | 611 E 21 St Apt 4B Brooklyn 11226 | |
| Latoya Knight | 611 E 21 St Apt 2F Brooklyn ny 11226 | |
| Bruce Richmond | 611 E 21 St Apt 3E Brooklyn ny 11226 | |
| Antoine Michaud JR | 611 E 21 St Apt 1A Brooklyn ny 11226 | |
| Trinidad Jones | 611 E 21 St Apt 6C Brooklyn NY 11226 | |
| CARLOS RAFAEL | 611 E 21 St Apt 2G Brooklyn ny 11226 | |
| Alejandra Hurtudo | 611 E 21 St apt 6E Brooklyn 11226 | |
| Franklin A Perez | 611 E 21 St Brooklyn Apt 3D 11226 | |
| Needboe Jones | 611 E 21 St Brooklyn ny 4C 11226 | |
| Mike Lee | 2814 Newkirk Ave Brooklyn ny Apt 3A 11226 | |

# PETITION

Ve the undersigned, members of the Haitian community support Flatbush Best Deli Inc. in their efforts to maintain its participation in the Supplemental Nutrition Assistance Program (SNAP).

Ve depend upon the specialized services that Flatbush Deli provides and we need the SNAP program to ssist us in our purchases.  No other deli provides similar services to our community! No other store peaks our language and carrries our native foods.

loumenm ki siyen pa anba, se manm kominote Ayisyen an ki sipòte Flatbush Best Deli Inc. nan efò ke ap fè pou yo kontinye patisipe nan Pwogram Asistans Nitrisyon Siplemantè (SNAP).

lou depann de sèvis spesyalize ke Flatbush Deli Inc. bay & nou bezwen pwogram SNAP la pou ede nou chte. Pa gen oken lòt boutik ki bay sèvis sa yo nan kominote a! Pa gen oken lòt boutik tankou pa nou an i pale lang ou oubyen gen manje natif natal.

| Name | Address | Signature |
|---|---|---|
| Vivian Jope | 580 E. 21st street apt 1J 11226 | Vivian Jope |
| L Edwards | 2219 New Kirk Av 11226 | L Edwards |
| Marie Daniel | 1015 ave 7 37B 11226 | Marie Daniel |
| Randy Cordew | 69 Clarkson Ave Bklyn 11226 | Randy Cordew |
| Will Smith | 585 East Broadway 11226 | Will Smith |
| Neil D | 371 East 23rd 11226 | |
| AJay Rahir | 484 East 21st Brooklyn NY 11226 | |
| George Blair | 636 E 21 Brooklyn NY 11226 | |
| Joanna Joseph | 1273 Herkimer St Brooklyn NY 11238 | |
| Creolaha | 500 E21 St Bn + SB 11226 | |
| Kemuisto Gago | 537 E 22nd st Brooklyn NY 11226 | |
| Jereno | 531 SC 22 NYC | |
| J Mod | New Holmes Ave 11240 | J Mod |
| V Kin | 2584 E 19st 11238 | |
| Eric Johnson | 1351 Flatbush Ave 2F 11226 | |
| Curtal White | 531 E 21st Brooklyn NY 11226 3F | |
| Eudele Caussy | 2726 Foster Ave Bklyn ny | |
| Sadley Gonzalez | 49 Clarkson Ave 11226 | Sadley Gonzalez |
| Plough Clark | 1228 Flatbush Ave 11226 | |
| Patrick Irahn | 2215 Newkirk Ave 11226 4B | |
| Antonio Barry | 490 East 23rd st 4C 11226 | |
| Paul Mackenzy | 367 East 23rd St 3B 11226 | |
| Micheal Ferison | 504 E 22nd St AP-19 11226 | Micheal Ferison |
| Jennie Riveer | 1163 Flatbush Ave Apt 27 11226 | Jennie Riveer |
| Marie K Carionne 11226 | 454 Cust 22st Cnd Ave 3C | Marie K Carionne |
| Brendan Carrington | 211 Dutmen ave 3C 11226 | |
| Eugene Edward | 1247 Flatbush Ave #3 | Eugene Edward |
| Benjamin Newton | 1247 Flatbush Ave #3 | Benjamin Newton |

# PETITION

Ve the undersigned, members of the Haitian community support Flatbush Best Deli Inc. in their efforts to maintain its participation in the Supplemental Nutrition Assistance Program (SNAP).

Ve depend upon the specialized services that Flatbush Deli provides and we need the SNAP program to ssist us in our purchases.  No other deli provides similar services to our community! No other store peaks our language and carrries our native foods.

Joumenm ki siyen pa anba, se manm kominote Ayisyen an ki sipòte Flatbush Best Deli Inc. nan efò ke ap fè pou yo kontinye patisipe nan Pwogram Asistans Nitrisyòn Siplemantè (SNAP).

Jou depann de sèvis spesyalize ke Flatbush Deli Inc. bay & nou bezwen pwogram SNAP la pou ede nou chte. Pa gen oken lòt boutik ki bay sèvis sa yo nan kominote a! Pa gen oken lòt boutik tankou pa nou ai. i pale lang ou oubyen gen manje natif natal.

| Name | Address | Signature |
|---|---|---|
| Jose Lejeune | 600 E 21st Brooklyn NY 11226 3C | |
| Victor Cedaño | 600 E 21st Brooklyn NY 11226 3C | |
| Quintana Samarthra | 2225 Ditmas Art 3Klyn NY 11226 1E | |
| Anthony Reyes | 1270 Ocean ave brooklyn NY 11236 | |
| Jimmy Jenkins | 1270 Ocean ay Brooklyn NY 11236 | |
| | | |
| | | |
| Valerie Wilson | 529 E 22nd E 11226 | |
| Supreme Arthur | 2211 Ditmas Ave 5H 11226 | |
| Sandra Foster | 2211 Ditmas Ave | |
| Jameela Ali | 91 St Queens NY 11807 | |
| Angel Arroyo | 635 East 21 St 11226 | |
| | 3601 ave B 11226 | |
| Marcos Sanchez | 586 E 22 St | |
| | 540 E 22 St 11226 3B | |
| | | |
| Patrick Dorsain | 2116 Ditmas ave east 21 St 11226 | |
| FRANTZ AZARD | 662 E 21 St APT 5 11226 | |
| | 2011 New York ave 11226 B2 | |
| | 2011 New York Ave 11226 B4 | |
| | 2116 Ditmas Ave 1776 | |
| Iyeri K Jones | 529 E 22nd Street 5C 11226 | |
| P Francis | 1233 Flatbush Av 5F | |
| J Chamberlain | 1233 Flatbush Ave 5F | |
| James Williams | 975 Ocean Ave Brooklyn NY Apt 1B 11226 | |
| Gaelle Thussien | 165 East 19 St Brooklyn 11226 | |
| Naseema Sahib | 505 E 22nd St Brooklyn NY 11226 | |
| Micheal Pearson | 505 E 22nd St BKLYN NY 11226 | |

# PETITION

We the undersigned, members of the Haitian community support Flatbush Best Deli Inc. in their efforts to maintain its participation in the Supplemental Nutrition Assistance Program (SNAP).

We depend upon the specialized services that Flatbush Deli provides and we need the SNAP program to assist us in our purchases.  No other deli provides similar services to our community! No other store speaks our language and carrries our native foods.

Noumenm ki siyen pa anba, se manm kominote Ayisyen an ki sipòte Flatbush Best Deli Inc. nan efò ke y ap fè pou yo kontinye patisipe nan Pwogram Asistans Nitrisyon Siplemantè (SNAP).

Nou depann de sèvis spesyalize ke Flatbush Deli Inc. bay & nou bezwen pwogram SNAP la pou ede nou achte. Pa gen oken lòt boutik ki bay sèvis sa yo nan kominote a! Pa gen oken lòt boutik tankou pa nou an ki pale lang ou oubyen gen manje natif natal.

| Name | Address | Signature |
|------|---------|-----------|
| Shaniqua Andrews | 445 E 22nd St   11226 | Shaniqua Ard |
| Yves P. Beauville | 2212 Ditmas Ave   11226 | |
| Richard Knight | 1191 Flatbush Ave | |
| Althea Patterson | 1191 Flatbush Ave | |
| Justine Maxwell | 2313 Newkerk Ave | J. Maxwell |

**United States Department of Agriculture**



Food and Nutrition Service

Benefit Redemption Division

Administrative Review Branch

3101 Park Center Drive. Room 432 Alexandria, VA 22302

(703) 305-2817

General:
(703) 305-2464

Fax:
(703) 305-2821

lorie.conneen@fns.usda.gov

December 27, 2011

Law Office of Edward M. Kratt
Edward M. Kratt, Attorney
350 Broadway
Suite 1202
New York, New York 10013

Re:     Mukhtar Saleh, Owner
        Flatbush Best Deli Inc
        · 1218 Flatbush Avenue
        Brooklyn, New York 11226-7667

Dear Counselor:

This is to confirm receipt of your request for an administrative review of the adverse action under the Supplemental Nutrition Assistance Program (SNAP) imposed against Flatbush Best Deli Inc, Brooklyn, New York by the Food and Nutrition Service (FNS). Your request for review has been recorded under case number C0145430.

If there is any additional information you may wish to provide in support of your position in this matter, or if your request for administrative review did not include any information showing the grounds on which the review is being sought, you must forward such information to my attention at the address provided in the left margin of this letter within three weeks of the date you receive this correspondence. Please be advised that if there is no information in support of your position, a review cannot be conducted, and, as provided in 7 CFR §279.4(b), the adverse action of the FNS office shall be final.

You are permitted to remain authorized in the SNAP through the duration of the administrative review process only if the adverse action in this case does not involve either a permanent disqualification or denial of authorization.

I will render a Final Agency Decision as soon as possible. Due to the large volume of review requests received by the Food and Nutrition Service's Administrative Review Branch, limiting your case status inquiries to the extent possible will permit more timely service to you and other Appellants that are also awaiting decisions regarding their appeals.

Sincerely,

Lorie Conneen
Administrative Review Officer
USDA, Food and Nutrition Service
Administrative Review Branch

cc:     Mukhtar Saleh, Flatbush Best Deli Inc